UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JANE DOE (S.A.S.), an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ESA P PORTFOLIO, L.L.C.,<br><br>Defendants. | Case No.  3:23-cv-6038<br><br>COMPLAINT AND JURY DEMAND |

### ORIGINAL COMPLAINT

COMES NOW Plaintiff Jane Doe (referred to as S.A.S. to protect her), by and through the undersigned counsel, and respectfully submits her complaint for damages and makes the following averments.

### SUMMARY

1.      As sex trafficking has grown to epidemic proportions, it has become widely recognized that we must look beyond just the pimp and sex buyer in order to stop sex trafficking. We must look to the other individuals and entities who facilitate and benefit from sex trafficking.

2.      The facilitation of sex trafficking is unlawful under federal law. The Trafficking

COMPLAINT - 1

LUVERA LAW FIRM
ATTORNEYS AT LAW

6700 COLUMBIA CENTER • 701 FIFTH AVENUE
SEATTLE, WASHINGTON  98104
(206) 467-6090

Victims Protection Reauthorization Act ("TRVPA"), 18 U.S.C. § 1581, *et seq*, expands trafficking liability beyond the sex seller and buyer to also prohibit individuals or entities from knowingly benefiting or attempting to benefit "financially or by receiving anything of value from participation in a venture which that person knew or should have known" was engaged in trafficking.

3.      This case is about the continuous sex trafficking of S.A.S. that occurred at the **Crossland Tacoma/Hosmer hotel** located at 8801 S. Hosmer St., Tacoma, WA 98444 (aka Crossland Tacoma/Hosmer).

4.      As discussed herein, each of the defendants in this case knowingly benefitted from participation in a venture that facilitated trafficking, and ultimately S.A.S.'s trafficking, at the **Crossland Tacoma/Hosmer**.  Accordingly, S.A.S. brings suit under the TVPRA.

## JURISDICTION & VENUE

5.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the TVPRA.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this claim occurred in this District and Division.

7.      S.A.S. was trafficked in this District.

## PARTIES

8.      Plaintiff S.A.S. is a natural person who is currently a resident and citizen of Washington.

9.      Defendant ESA P Portfolio L.L.C. is a Delaware limited liability company with its principal office in Charlotte, North Carolina.  It can be served with process through its registered agent, National Registered Agents, Inc., 711 Capitol Way S, Ste. 204, Olympia, WA 98501-1267. Defendant ESA P Portfolio L.L.C. owned and operated the Crossland Tacoma/Hosmer located at

COMPLAINT - 2

LUVERA LAW FIRM
ATTORNEYS AT LAW

6700 COLUMBIA CENTER • 701 FIFTH AVENUE
SEATTLE, WASHINGTON 98104
(206) 467-6090

8801 S. Hosmer St., Tacoma, WA 98444.

## FACTS

### The Hotel Industry's Role in Sex Trafficking

10. What Defendant knew or should have known about the sex trafficking that occurred in its hotel, including the trafficking of S.A.S., is shaped by the widely-known and pervasive relationship between the hotel industry and sex trafficking.

11. Defendant is or should be aware of the important role that hotels play in the proliferation of sex trafficking and of the revenue they derive from sex trafficking, both directly and indirectly, from sex trafficking that occurs at their properties. Today, sex slavery is pervasive in the United States, and hotels are the primary place where it happens.[1] For years, sex traffickers have "been able to reap these profits with little risk when attempting to operate within hotels."[2] In 2014, 92% of calls received by the National Human Trafficking Hotline involved reports of sex trafficking taking place at hotels.[3] Hotels have been found to account for over 90% of commercial exploitation of children.[4]

12. To address the crisis of sex trafficking at hotels, multiple agencies and

---

[1] "This is not only a dominant issue, it's an epidemic issue." *See* Jaclyn Galucci, *Human Trafficking is an Epidemic in the U.S. It's Also Big Business*, Fortune (April 2019), https://fortune.com/2019/04/14/human-sex-trafficking-us-slavery/ (citing Cindy McCain, who chairs the McCain Institute's Human Trafficking Advisory Council). "It's also something that is hiding in plain sight. It's everywhere—it's absolutely everywhere." *Id.*

[2] *See Human Trafficking in the Hotel Industry*, Polaris Project (Feb. 10, 2016), https://polarisproject.org/blog/2016/02/10/human-trafficking-hotel-industry; *see also* Eleanor Goldberg, *You Could Help Save A Trafficking Victim s Life With Your Hotel Room Pic*, Huffington Post (June 2016), http://www.huffingtonpost.com/entry/taking-a-photo-of-your-hotel-room-could-help-save-a-trafficking-victimslife_us_57714091e4b0f168323a1ed7.

[3] Michele Sarkisian, *Adopting the Code: Human Trafficking and the Hotel Industry*, Cornell Hotel Report (Oct. 2015), https://scholarship.sha.cornell.edu/cgi/viewcontent.cgi?article=1222&context=chrpubs.

[4] *See* Erika R. George and Scarlet R. Smith, *In Good Company: How Corporate Social Responsibility Can Protect Rights and Aid Efforts to End Child Sex Trafficking and Modern Slavery*, 46 N.Y.U. J. Int l L. & Pol. 55, 66-67 (2013).

COMPLAINT - 3

**LUVERA LAW FIRM**
ATTORNEYS AT LAW

6700 COLUMBIA CENTER • 701 FIFTH AVENUE
SEATTLE, WASHINGTON 98104
(206) 467-6090

organizations who actively combat sex trafficking, including the United States Department of Homeland Security, the National Center for Missing and Exploited Children, the Polaris Project, the Texas Attorney General, Love 146, EPCAT, among others, have established recommended policies and procedures for recognizing the signs of sex trafficking.[5]

13.     Some of the recommended policies and procedures intended to reduce or eliminate sex trafficking include the warning signs and indicators of sex trafficking.  When Plaintiff was being trafficked at Defendant's hotel, Defendant was aware of, and knew or should have known, these signs.  Signs of sex trafficking include but are not limited to:[6]

- Individuals show signs of fear, anxiety, tension, submission, and/or nervousness;

- Individuals show signs of physical abuse, restraint, and/or confinement;

- Individuals exhibit evidence of verbal threats, emotional abuse, and/or being treated in a demeaning way;

- Individuals show signs of malnourishment, poor hygiene, fatigue, sleep deprivation, untreated illness, injuries, and/or unusual behavior;

- Individuals lack freedom of movement or are constantly monitored;

- Individuals avoid eye contact and interaction with others;

- Individuals have no control over or possession of money or their ID;

- Individuals dress inappropriately for their age or have lower quality clothing compared to others in their party;

- Individuals have few or no personal items—such as no luggage or other bags;

[5] United States Department of Homeland Security Blue Campaign – One Voice. One Mission. End Human Trafficking, https://www.dhs.gov/sites/default/files/publications/blue-campaign/toolkits/hospitality-toolkit-eng.pdf (last visited April 13, 2023); National Center for Missing and Exploited Children, https://www.missingkids.org/theissues/trafficking#riskfactors (last visited April 13, 2023); Love 146, *Red Flags for Hotel & Motel Employees*, https://love146.org/wp-content/uploads/2017/04/Hospitality-Red-Flag-and-Reporting-Love146.pdf (last visited April 13, 2023); Texas Attorney General, *Human Trafficking Red Flags*, https://www2.texasattorneygeneral.gov/files/human_trafficking/human_trafficking_red_flags_handout.pdf (last visited April 13, 2023).

[6] *See Id.*

COMPLAINT - 4

- Individuals appear to be with a significantly older "boyfriend" or in the company of older males;

- A group of girls appears to be traveling with an older female or male;

- A group of males or females with identical tattoos in similar locations. This may indicate "branding" by a trafficker;

- Drug abuse or frequent use of "party drugs" such as GHB, Rohypnol, Ketamine, MDMA (Ecstasy), Methamphetamines, Cocaine, and Marijuana;

- Possession of bulk sexual paraphernalia such as condoms or lubricant;

- Possession or use of multiple cell phones; and

- Possession or use of large amounts of cash or pre-paid cards.

14.     Recognizing the unique vantage point that hotel owners and staff have to identify potential human trafficking ventures and victims on their properties, several major hotel chains, including franchisors, franchisees, and owner/operators, told the public they have accepted the unique opportunity and responsibility to stop facilitating sex trafficking. In order to meet that responsibility, many major hotel chains adopted robust anti-human trafficking policies to train its employees to identify and properly respond to the "red flags" of sex trafficking. Defendant had the opportunity and responsibility to adopt, implement, and enforce similar policies at their hotel. Unfortunately for S.A.S., defendant did not.

15.     Consequently, S.A.S. is one of the lives devalued and adversely affected by Defendant's acquiescence and failure to prevent sex trafficking at its hotel.

**Plaintiff Was Trafficked at Defendant's Crossland Tacoma/Hosmer Hotel**

16.     From approximately November 16, 2013 to November 20, 2013, S.A.S. was repeatedly trafficked for sex at the **Crossland Tacoma/Hosmer located at 8801 S. Hosmer St., Tacoma, WA 98444.**

COMPLAINT - 5

17.    The hotel rooms in which S.A.S. were trafficked were frequently paid for with cash.

18.    Signs of trafficking of S.A.S. at Defendant's hotel were prevalent.   Men would gather outside her room.  Loud noises and yelling could be heard by guests.  There was heavy foot traffic in and out of S.A.S.'s room by men who were not hotel guests, entered and left at unusual hours, and were present at the hotel for brief periods of time.  The garbage cans were full of used condoms.  Hotel staff provided extra washcloths so customers could clean up.  Defendant and its employees and agents knew, or should have known, that these activities were signs of sex trafficking.

19.    Defendant also knew or should have known about reviews and complaints about its hotel submitted by patrons on various travel websites, including but not limited to, google.com, travelocity.com, priceline.com, booking.com, orbitz.com, expedia.com, yelp.com and others.

20.    Defendant knew or should have known of online reviews on websites such as such as google.com, travelocity.com, priceline.com, booking.com, orbitz.com, expedia.com, yelp.com and others that sex trafficking was prevalent at its hotel.

21.    Prior to Plaintiff's trafficking at Defendant's hotel, Defendant knew or should have known of online reviews noting observations of sex trafficking activity in the **Crossland Tacoma/Hosmer** and nearby area.  One, for example, wrote "The motel [h]ad hookers in and out all the time I was there.  I would not recommend this motel to anybody.  I cut my stay short."

22.    Despite obvious signs of human trafficking and commercial sex venture activity at Defendant's hotel, Defendant failed to acknowledge, stop, or even report it.  Instead, Defendant actively facilitated the trafficking of Plaintiff by harboring, acquiescing in and/or otherwise facilitating a sex trafficking venture on its hotel property for profit.

COMPLAINT - 6

23.     Defendant, acting by and through its agents, managers, vice-principals and employees, failed to report and stop the human sex trafficking in its hotel despite the obvious signs, and thereby actively facilitated and benefitted from said activities, including the victimization and trafficking of Plaintiff.

### Defendant Could and Should Have Prevented Plaintiff's Trafficking at the Crossland Tacoma/Hosmer

24.     Defendant owned, operated, managed, supervised, controlled, and/or was responsible for the operations of the **Crossland Tacoma/Hosmer.**

25.     Defendant was responsible for customer safety and was uniquely positioned to prevent human trafficking activity at its hotel.

26.     Armed with knowledge of the prevalence of trafficking in the hotel industry, and the obvious signs present at the **Crossland Tacoma/Hosmer**, Defendant had an obligation to enact, implement, follow, and enforce policies to identify sex trafficking and not to participate in or benefit from the facilitation thereof.  Defendant failed to do so and thus facilitated sex trafficking that operated out of its hotel for its own profit.

27.     The most effective weapon against sexual exploitation and human trafficking is education and training.[7] As ECPAT concluded:

> The hospitality industry is in a unique position to identify and report human trafficking due to its perceived anonymity. Traffickers believe they can go unnoticed while exploiting victims across the globe in hotels— ranging from budget properties to luxury resorts. From check-in to check-out there are a number of indicators victims and exploiters exhibit during the time they are on a hotel property.[8]

[7] Polaris, *Recognizing Human Trafficking*, https://polarisproject.org/recognizing-human-trafficking/ (last visited April 13, 2023).

[8] ECPAT USA, *Training for Hotel Associates*, https://www.ecpatusa.org/hotel-training (last visited April 13, 2023). *See also* Carolin L. et al., *Sex Trafficking in the Tourism Industry*, J. Tourism Hospit. (2015), https://www.longdom.org/open-access/sex-trafficking-in-the-tourism-industry-2167-0269-1000166.pdf.

COMPLAINT - 7

**LUVERA LAW FIRM**
ATTORNEYS AT LAW

6700 COLUMBIA CENTER • 701 FIFTH AVENUE
SEATTLE, WASHINGTON 98104
(206) 467-6090

28.    This same conclusion is echoed by others who seek to eliminate or minimize sex trafficking in the hospitality industry, including the American Hotel Lodging Association: "Hotel employees who have undergone training are more aware of trafficking when it happens – and are more willing to report it – than those who have not been trained.[9] In reference to companies like the Defendant, ECPAT observed: "If they do nothing to raise awareness or to prevent child trafficking, they risk becoming an indirect and unintentional conduit for the abuse that takes place."

29.    If the Defendant had reasonably, properly and timely trained and implemented guidelines, policies and procedures, and/or industry standards on recognizing and preventing sex trafficking activities at the hotel, Defendant and its employees and agents would and should have recognized and prevented Plaintiff's trafficking at its hotel.

30.    Defendant and its agents, employees, servants, franchisees, employees and/or staff observed, knew or should have known about the "red flags" and signs of the sex trafficking venture described above prior to and at the time of Plaintiff's trafficking at Defendant's hotel.

31.    Had Defendant timely and properly educated and/or trained its agents and employees, servants, franchisees, employees and/or staff regarding human trafficking warning signs, Defendant would have and should have been aware of the human trafficking at hotels, including Defendant's own hotel, and could have and should have reported and prevented it from happening.

32.    Defendant's active decision not to prevent and stop sex trafficking and sexual exploitation at the **Crossland Tacoma/Hosmer** makes Defendant accountable to victims of sex

---

[9] AHLA, *Free Online Training*, https://www.ahla.com/issues/human-trafficking (last visited April 13, 2023).

COMPLAINT - 8

trafficking, including Plaintiff.

33.    Despite obvious warning signs that Plaintiff and others were being sex trafficked at Defendant's hotel, Defendant entered into an implicit agreement with Plaintiff's sex trafficker for the use of Defendant's hotel and services in exchange for money.

34.    Defendant engaged in acts and omissions that supported, facilitated, harbored, and otherwise furthered the trafficker's sale and victimization of Plaintiff S.A.S. for commercial sexual exploitation. More specifically, Defendant rented rooms to Plaintiff's trafficker, permitted the illicit enterprise to operate on an ongoing and repetitious basis, and took no action to prevent trafficking at the subject hotel.  This and related behavior by Defendant provides an ample basis to conclude that it participated in the venture that trafficked Plaintiff.

35.    Defendant's motivation for its ongoing failure to report and prevent sex trafficking at its hotel was corporate financial greed. By ignoring all signs of and/or solutions to the human trafficking occurring in its hotel, Defendant put its profits over the value of Plaintiff's life and the lives of other victims.

### Defendant Knowingly Benefitted from Plaintiff's Sex Trafficking at the Crossland Tacoma/Hosmer

36.    Plaintiff alleges that Defendant knowingly received benefits from participating in the venture that facilitated her trafficking at the subject hotel.

37.    Defendant knew it was both facilitating and benefitting from sex trafficking at the subject hotel, including the sex trafficking of Plaintiff.

38.    Defendant profited from every stay by every patron at the subject hotel, both from room rentals and other hotel services.

39.    At all material times, Defendant received monetary payment for the rental of rooms at the subject hotel, including the rooms where Plaintiff was being trafficked.

COMPLAINT - 9

40. Despite knowledge of the sex trafficking venture occurring at the subject hotel, Defendant continued to financially benefit from Plaintiff's stays there, all while doing nothing to prevent or stop criminal activity-sex trafficking, including the trafficking of Plaintiff, from occurring on its property.

41. As a result of the monies paid by Plaintiff's trafficker to secure the rooms for her trafficking at the subject hotel, Defendant knowingly benefitted from participating in the venture that trafficked, harbored, and maintained S.A.S.'s trafficking at the subject hotel.

<u>**CAUSE OF ACTION:**</u>
<u>**SEX TRAFFICKING UNDER THE TRAFFICKING VICTIMS PROTECTION REAUTHORIZATION ACT (TVPRA)**</u>

42. Plaintiff incorporates all prior allegations.

43. At all relevant times, Plaintiff was and is a victim within the meaning of 18 U.S.C. § 1591 and 1595(a).

44. Plaintiff commenced this action within the TVPRA's ten-year statute of limitations.

45. Defendant is liable as a perpetrator within the meaning of 18 U.S.C. § 1595(a) in the ways described above, and because:

   a. Defendant knowingly or recklessly participated in harboring, maintenance, and/or other acts in further of sex trafficking, including the sex trafficking of S.A.S.; and

   b. Defendant knowingly benefitted, by receiving financial and other compensation, through its participation in a venture that it knew or was reckless in not knowing involved the trafficking, harboring, and maintenance of sex trafficking victims in exchange for financial benefits. 18 U.S.C. §§ 1590(a), 1591(a)(2), 1593A.

46. Defendant is liable as a beneficiary within the meaning of 18 U.S.C. § 1595(a) because, as described above, Defendant knowingly benefitted, by receiving financial and other

COMPLAINT - 10

**LUVERA LAW FIRM**
ATTORNEYS AT LAW

6700 COLUMBIA CENTER • 701 FIFTH AVENUE
SEATTLE, WASHINGTON 98104
(206) 467-6090

compensation, from its participation in a venture it knew or should have known was engaged in sex trafficking, in violation of the TVPRA, 18 U.S.C. § 1591, *et seq*.

47.     Despite knowledge of S.A.S.'s sex trafficking by the Defendant, S.A.S.'s trafficker was able to continue renting rooms for the sexual exploitation of S.A.S.  at the subject hotel.

48.     Defendant participated in a venture together and with, among others, S.A.S.'s trafficker. Defendant had an ongoing business relationship and association in fact with S.A.S.'s trafficker. Despite the fact that Defendant knew or should have known that S.A.S.  was being sex trafficked in violation of the TVPRA, S.A.S.'s trafficker was able to rent rooms for the sexual exploitation of S.A.S. at the subject hotel. S.A.S.'s sex trafficker used the subject hotel because he knew that staff members looked the other way despite obvious signs of trafficking. Each of the venturers shared a common purpose – the rental of hotel rooms and the making of profits. Defendant profited while S.A.S.'s trafficker was able to rent a secure venue to earn profits by trafficking S.A.S. Defendant participated in the venture by continually renting rooms to S.A.S.'s trafficker, failing to properly implement anti-trafficking rules and policies, and assisting traffickers to continue their sexual exploitation with minimal risk of detection and disturbance, all the while ignoring the obvious signs of S.A.S.'s trafficking.

49.     Defendant's failure to train and supervise its agents and employees and its inattention to the plights of its patrons, including S.A.S., at the subject hotel, enabled and contributed to the sex trafficking of S.A.S.

50.     Defendant received substantial financial benefits as a result of these acts and/or omissions. Defendant received benefits in the way of room rental fees, in-room purchases, and other ancillary expenses by patrons and visitors of the subject hotel.

51.     The facts alleged establish that Defendant knowingly benefitted, financially or by

COMPLAINT - 11

receiving anything of value, from participating in a venture that Defendant knew or should have known has engaged in an act in violation of the TVPRA.

52.     Defendant's TVPRA violations were a direct, producing, and proximate cause of the injuries and damages to S.A.S.

**DAMAGES**

53.     Defendant's acts and omissions, individually and collectively, harmed Plaintiff and caused her substantial and significant damages.

54.     Defendant is liable for all past and future damages sustained by S.A.S.

55.     Plaintiff S.A.S. is entitled to damages for her personal injuries and past and future economic and non-economic losses, including:

      a. Actual damages;

      b. Direct damages;

      c. Incidental and consequential damages;

      d. Mental anguish and emotional distress damages;

      e. Lost earning capacity;

      f. Loss of self-esteem and self-worth;

      g. Necessary medical expenses;

      h. Physical and mental pain and suffering;

      i. Physical impairment;

      j. Emotional impairment;

      k. Unjust enrichment; and

      l. Penalties.

56.     S.A.S. is entitled to exemplary damages.

COMPLAINT - 12

57. S.A.S. is entitled to treble damages.

58. S.A.S. is entitled to recover actual reasonable attorneys' fees and costs.

59. S.A.S. is entitled to pre- and post-judgment interest at the maximum legal rates.

60. A constructive trust should be imposed on Defendant and the Court should sequester any benefits or money wrongfully received by Defendant for the benefit of S.A.S.

## DISCOVERY RULE

61. This action is not barred by the statute of limitations. To the extent Defendant asserts an affirmative defense of limitations, Plaintiff invokes the discovery rule. At the time Plaintiff was harmed, Plaintiff did not know that she was the victim of human trafficking, that her injury arose from being trafficked at Defendant's hotel or that she was a person trafficked, much less that she was being victimized by a human trafficking venture, and she did not discover and was not in a position to discover the legal cause of her injury, and certainly not more than ten years before suit was filed. Moreover, at the time the trafficking occurred, Plaintiff did not know what "human trafficking" was, much less that she was being victimized by a human trafficking venture, and she did not discover and was not in a position to discover the existence of a cause of action until shortly before suit was filed, and certainly not more than ten years before suit was filed.

## JURY TRIAL

62. S.A.S. demands a jury trial on all issues.

## RELIEF SOUGHT

Wherefore, S.A.S. respectfully requests judgment against Defendant for actual damages in excess of the minimum jurisdictional limits of this Court, pre- and post-judgment interest as allowed by law, costs of suit, attorney fees, and all other relief, at law or in equity, to which she may be justly entitled.

COMPLAINT - 13

LUVERA LAW FIRM
ATTORNEYS AT LAW

6700 COLUMBIA CENTER • 701 FIFTH AVENUE
SEATTLE, WASHINGTON 98104
(206) 467-6090

Dated this 13th day of November, 2023.

Respectfully submitted,

**LUVERA LAW FIRM**
Attorneys for Plaintiff

*/s/ Patricia Anderson*
Patricia Anderson, WSBA 17620
6700 Columbia Center
701 Fifth Avenue
Seattle, WA  98104
Telephone: (206) 467-6090
patricia@luveralawfirm.com

**PROVOST ✶ UMPHREY LAW FIRM**
Attorneys for Plaintiff

/s/ *Edward Fisher*
Edward Fisher
State Bar No.: 24012624
350 Pine Street, Suite 1100
Beaumont, Texas 77701
Telephone: (409) 838-8813
efisher@pulf.com
(pending issuance of order granting motion to be filed for Limited Admission Pursuant to APR 8(b))

/s/ *Patrick Barrett*
Patrick Barrett
Texas Bar No.: 00787042
4205 Hillsboro Pike, Suite 303
Nashville, TN 37215
615-297-1932
pbarrett@pulf.com
(pending issuance of order granting motion to be filed for Limited Admission Pursuant to APR 8(b))

**ANNIE MCADAMS, PC**
Attorneys for Plaintiff

/s/ *Annie McAdams*
ANNIE MCADAMS
1150 Bissonnet
Houston, TX 77005
Phone:  713/785-6262

COMPLAINT - 14

Fax:  866/713-6141
annie@mcadamspc.com
(pending issuance of order granting motion to be
filed for Limited Admission Pursuant to APR 8(b))

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff herein requests a jury trial by a jury of twelve in the above-referenced matter.

DATED this 13th day of November, 2023.

**LUVERA LAW FIRM**
Attorneys for Plaintiff

*/s/ Patricia Anderson*
Patricia Anderson, WSBA 17620
6700 Columbia Center
701 Fifth Avenue
Seattle, WA  98104
Telephone: (206) 467-6090
patricia@luveralawfirm.com

**PROVOST ★ UMPHREY LAW FIRM**
Attorneys for Plaintiff

/s/ *Edward Fisher*
Edward Fisher
State Bar No.: 24012624
350 Pine Street, Suite 1100
Beaumont, Texas 77701
Telephone: (409) 838-8813
efisher@pulf.com
(pending issuance of order granting motion to be
filed for Limited Admission Pursuant to APR 8(b))

/s/ *Patrick Barrett*
Patrick Barrett
Texas Bar No.: 00787042
4205 Hillsboro Pike, Suite 303
Nashville, TN 37215
615-297-1932
pbarrett@pulf.com
(pending issuance of order granting motion to be
filed for Limited Admission Pursuant to APR 8(b))

COMPLAINT - 15

**ANNIE MCADAMS, PC**
Attorneys for Plaintiff


/s/ *Annie McAdams*_____
ANNIE MCADAMS
1150 Bissonnet
Houston, TX 77005
Phone:  713/785-6262
Fax:  866/713-6141
annie@mcadamspc.com
(pending issuance of order granting motion to be filed for Limited Admission Pursuant to APR 8(b))

COMPLAINT - 16

**LUVERA LAW FIRM**
ATTORNEYS AT LAW
_____

6700 COLUMBIA CENTER • 701 FIFTH AVENUE
SEATTLE, WASHINGTON  98104
(206) 467-6090