UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JANE DOE, also known as S.A.S., <br><br> Plaintiff, <br><br> v. <br><br> ESA P Portfolio LLC et al, <br><br> Defendant. | Case No. 3:23-cv-06038 <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT |

This matter comes before the Court on Plaintiff Jane Doe's ("S.A.S") motion to amend her complaint. Dkt. 41. Because S.A.S. has met the liberal standard for amendment under Federal Rule of Civil Procedure 15, the Court GRANTS the motion. The Court also DENIES Defendant ESA P Portfolio LLC's ("ESA") motion to dismiss (Dkt. 28) because S.A.S.'s amendments render ESA's motion moot (*see* Dkt. 50).

### I. BACKGROUND

S.A.S. filed this case on November 13, 2023 (Dkt. 1), asserting claims under the Trafficking Victims Protection Reauthorization Act ("TVPRA"). S.A.S. alleges that Defendants failed to combat known sex trafficking at the Crossland Tacoma/Hosmer Hotel ("Crossland") resulting in Defendants' financial benefit at the expense of harm to S.A.S. as a victim of sex trafficking. *See id*. at 5–10. S.A.S. amended her complaint on November 22, 2023, to include

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT - 1

allegations that the DoubleTree Hotel Seattle Airport was another location involved in sex trafficking and to add several related defendant entities. Dkt. 10 at 2–5, 8–26.

On January 11, 2024, S.A.S. moved to amend her complaint a second time. Dkt. 41. Based on new information and representations from the Defendants, Dkt. 41 at 2–3, S.A.S. names additional defendants she claims owned and/or operated the Crossland—including various entities affiliated with the Extended Stay America hotel brand—and removes several previously-named defendants affiliated with the Hilton hotel brand, *id*. at 12–15. S.A.S. also includes additional facts detailing how she was abused by her traffickers. *Id.* at 15–16, 26–28.

S.A.S. also includes summaries and quotes from news reports and online reviews related to Extended Stay America and Hilton hotel properties involving prostitution and human trafficking, dating from 2009 to 2018. *Id*. at 21–26, 34 – 35, 37–41. And she adds factual allegations that the proposed additional defendants and Hilton defendants closely monitored data and events at the Crossland and DoubleTree Seattle Airport such that they were aware of the harms taking place therein, and that hotel staff aided her traffickers by concealing their activities or providing other assistance—occasionally in exchange for sexual services. *Id*. at 33, 41, 44–47.

Defendants Hilton Domestic Operating Company Inc., Hilton Worldwide Holdings Inc., and Hilton Management LLC take no position regarding S.A.S.'s motion. Dkt. 46. ESA opposes the motion on behalf of itself and the proposed new defendants ESA P Portfolio Operating Lessee, LLC, ESA Management, Inc., and Extended Stay America, Inc. Dkt. 47 at 3. ESA argues that (1) S.A.S. cannot add the new defendants because the statute of limitations has run on any TVPRA claims against them, and S.A.S. did not establish that she mistook their identity in her original complaint or that the new defendants should have known of her mistake, *id*. at 3, and (2) the facts added by S.A.S. could have been pled in her original complaint, *id*. at 4–5. S.A.S. replies that ESA lacks standing to oppose on behalf of new defendants that are currently

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT - 2

nonparties, Dkt. 49 at 2, that the amended complaint relates back to the original complaint and is therefore timely for statute of limitations purposes, *id*. at 3, and that factual amendment should be granted to "facilitate [a] decision on the merits," *id*. at 5–6 (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).

## II.   DISCUSSION

A.   **Legal Standard**

Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Courts shall apply this policy "with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

"A motion to amend under Rule 15(a)(2) 'generally shall be denied only upon showing of bad faith, undue delay, futility, or undue prejudice to the opposing party." *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). "The crucial factor is prejudice, while delay alone no matter how lengthy is an insufficient ground for denial of leave to amend." *Travelers Prop. Cas. Co. of America v. AF Evans Co.*, No. C10-1110-JCC, 2012 WL 12882900, at *2 (W.D. Wash. Aug. 30, 2012) (cleaned up). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *Webb*, 655 F.2d at 979; *see also Chudacoff*, 649 F.3d at 1152. Relatedly, while Federal Rule of Civil Procedure 15(b) concerns amendments during and after trial, the text further aligns with the overall aims of Rule 15 that "[t]he court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits." Fed. R. Civ. P. 15(b)(1); *see also Webb*, 655 F.2d at 979. For example, another court in this Circuit has found that amendments for

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT - 3

"edits to conform to evidence" before trial serve "the significant interest in a complete adjudication" which outweighs any prejudice suffered when "all parties are represented by competent counsel." *See Monterey Bay Mil. Hous., LLC v. Pinnacle Monterey LLC*, No. 14-CV-03953-BLF, 2015 WL 1737691, at *3 n.3 (N.D. Cal. Apr. 13, 2015).

**B.     Leave to Amend**

The Court grants S.A.S.'s request for leave to amend her complaint. The Court must grant leave to amend "freely" and "with extreme liberality." Fed. R. Civ. P. 15(a)(2); *Eminence*, 316 F.3d at 1051. ESA argues in opposition that S.A.S. cannot add new defendants because her claims against them are now untimely, and that her amendment should be rejected because the additional facts could have been included in the original complaint. Dkt. 47 at 3.

**1.     ESA lacks standing to assert statute of limitations defenses for S.A.S.'s proposed defendants.**

The Supreme Court has explained that the doctrine of standing requires that a party "generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004) (quoting *Warth v. Seldin*, 422 U.S. 490, 500 (1975)). Specific to instances where parties are added to litigation, other courts in this circuit have found it unlikely that defendants have standing to oppose motions for leave to amend when they do not "purport to raise any new claims against [them] and simply seek[] to add a new co-defendant" because "parties unaffected by the proposed amendment do not have standing to assert claims of futility on behalf of *proposed* defendants." *Murphy v. Fisher*, No. CV-19-04526-PHX-DWL, 2019 WL 5388039, at *2 (D. Ariz. Oct. 22, 2019) (quoting *Castellani v. City of Atlantic City*, No. CV 13-5848 (RMB/AMD), 2015 WL 12829622, at *2 (D.N.J. Aug. 4, 2015)) (emphasis added). Other federal districts have concluded the same. *See, e.g., O'Gorman v. Mercer Kitchen L.L.C.*, No. 20-CV-1404 (LJL),

2021 WL 602987, at *2 (S.D.N.Y. Feb. 16, 2021); *Custom Pak Brokerage, LLC v. Dandrea Produce, Inc.*, No. CIV. 13-5592 NLH/AMD, 2014 WL 988829, at *2 (D.N.J. Feb. 27, 2014).

Here, ESA argues that S.A.S. cannot add the new Extended Stay America entities as defendants because the statute of limitations has run on her claims, and she did not establish that there was a mistake as to the identity of those defendants when making her original complaint. Dkt. 47 at 3. S.A.S. asserts that ESA lacks standing to raise the statute of limitations argument on behalf of the *proposed* additional defendants. Dkt. 49 at 2. The Court concludes that S.A.S. is correct. General principles of standing mean ESA lacks standing to assert arguments on behalf of other parties. *See Kowalski*, 543 U.S. at 129. And in this instance, where S.A.S. is not adding any new claims against ESA but only seeking leave to add other defendants, the statute of limitations defense is improperly raised by ESA and may instead be asserted by the new defendants themselves once they join the proceedings. *See Murphy*, No. CV-19-04526-PHX-DWL, 2019 WL 5388039, at *2. Accordingly, the Court does not address whether there is any valid statute of limitations defense because ESA lacks standing to make this argument. ESA's opposition on behalf of non-parties on these grounds is not a basis to deny S.A.S. leave to amend.

2. **S.A.S. should be granted leave to amend her complaint with additional facts.**

ESA also opposes S.A.S.'s motion to amend her complaint because "there is no reason why the new facts alleged should have been omitted from prior versions." Dkt. 47 at 4. But "[a] motion to amend under Rule 15(a)(2) 'generally shall be denied only upon showing of bad faith, undue delay, futility, or undue prejudice to the opposing party." *Chudacoff*, 649 F.3d at 1152. None of these factors apply here.

a) **Reasons for rejecting amendment are inapplicable here.**

First, S.A.S.'s proposed amendments do not appear to be in bad faith. She adds facts elaborating on the conduct and knowledge of Defendants in relation to TVPRA violations and

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT - 5

additional details about the abuse she suffered at the hands of her traffickers. *See supra* at Section I. And ESA does not argue that S.A.S.'s amendments are in bad faith. *See* Dkt. 47.

Second, "delay alone no matter how lengthy is an insufficient ground for denial of leave to amend," *Travelers*, No. C10-1110-JCC, 2012 WL 12882900, at *2, and Rule 15(a) does not specify any deadline for additional amendments. Instead, it is within the Court's discretion to "freely" grant leave to amend as "justice so requires." *See Eminence Cap.*, 316 F.3d at 1051. That S.A.S might have included more detail in her original complaint is not, standing alone, a reason to deny leave to amend, and would contradict the frequent and longstanding practice of allowing leave to amend in response to a motion to dismiss for the precise purpose of adding more detailed factual allegations.

Third, regarding futility, ESA argues only that S.A.S.'s amendment is futile regarding the addition of new defendants (Dkt. 47 at 4) which fails for lack of standing (*see supra* at Section II.B.1.). Finally, there is no prejudice to Defendants. S.A.S.'s claims remain the same and are not materially altered by her proposed amendments, *see* Dkt. 41 at 58–60, and the additional relevant facts may instead aid in a more "complete adjudication" of this proceeding, *see Monterey Bay Mil. Hous.*, No. 14-CV-03953-BLF, 2015 WL 1737691, at *3. The Court therefore concludes that amendment would not cause undue delay for trial or other prejudice to Defendants. The crucial factor in granting or denying leave to amend is prejudice to the opposing party. *See Chudacoff*, 649 F.3d at 1152; *Travelers*, No. C10-1110-JCC, 2012 WL 12882900, at *2. Because there is no undue prejudice to Defendants, S.A.S.'s motion for leave to amend is granted.

### b) ESA provides no binding or applicable authority against amendment.

The non-binding authority ESA offers to support its contentions that S.A.S.'s motion to amend is both untimely and prejudicial are distinguishable and not persuasive. *See* Dkt. 47 at 4–5. ESA argues that *Wade v. Hopper*, 993 F.2d 1246 (7th Cir. 1993), where a third motion to

amend was denied, shows how Defendants would be prejudiced by a late amendment. But in *Wade*, the court denied plaintiff's motion because it failed to "*plainly* state a claim" over a "rambling and confusing complaint" that was subject to dismissal. *Id*. at 1249. Here, S.A.S. has stated her claims with sufficient clarity and is not overdue. Additionally, ESA points to *Sauer v. Xerox Corp.*, 173 F.R.D. 78 (W.D.N.Y. 1997) as an example of "failure to adequately plead claims despite sufficient opportunity to do so," Dkt. 47 at 5, but plaintiff's amendment in *Sauer* was rejected because plaintiff sought three amendments *after* most claims were already dismissed and he was "apprised . . . of the deficiencies in his pleadings." *Id*. at 79. That is not comparable to the case here.

C.   **ESA's Motion to Dismiss**

Considering S.A.S.'s amendment, the Court also denies ESA's motion to dismiss (Dkt. 28) as moot. S.A.S.'s proposed amended complaint (Dkt. 41) addresses the deficiencies highlighted in ESA's motion to dismiss, and ESA also concedes in its briefing that should S.A.S. be granted leave to amend, "the current Motion to Dismiss would be moot and a renewed motion, focusing on current allegations, would be required." Dkt. 50 at 2.

### III.   CONCLUSION

For the reasons explained above, the Court GRANTS S.A.S.'s motion for leave to amend her complaint. Dkt. 41. Consistent with Local Civil Rule 15, S.A.S. is ORDERED to file her amended pleading within 14 days of the filing of this order. ESA's motion to dismiss (Dkt. 28) is denied as moot.

Dated this 5th day of March, 2024.

Tiffany M. Cartwright
United States District Judge