UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JANE DOE (S.A.S.), an individual,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ESA P PORTFOLIO LLC, aka Crossland Tacoma/Hosmer hotel, et al.<br><br>　　　　Defendants. | Case No. 3:23-cv-06038-TMC<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEAL AND REDACT |

This matter comes before the Court on Defendants' stipulated motion to seal. Dkt. 168. On June 17, 2025, Defendants Doubletree Management LLC and Hilton Domestic Operating Company Inc. filed an unopposed motion to seal documents related to Defendants' motion for summary judgment. *Id.*

There is a strong presumption in favor of public access to the Court's files. *See e.g.*, Local Rules W.D. Wash. LCR 5(g). Thus, a court considering a sealing request starts with "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to overcome this presumption and seal court records relating to a dispositive motion must provide "compelling reasons" that are "sufficiently specific" for doing so. *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172,

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEAL AND REDACT - 1

1183 (9th Cir. 2006). The Ninth Circuit has recently reminded district courts that any decision ordering the sealing of records must offer "compelling reasons and specific factual findings," and that a district court abuses its discretion when it fails to articulate both requirements. *Drammeh v. Uber Technologies, Inc.*, No. 22-36038, 2024 WL 4003548, at *3–4 (9th Cir. Aug. 30, 2024).

The Court starts with the management agreement, Exhibit 10. Dkt. 168 at 4–5; Dkt. 161-7. The agreement contains competitively sensitive financial and proprietary information that would cause Hilton to suffer competitive harm if the information was disclosed. *See, e.g.*, *Northbridge Gen. Ins. Corp. v. Phase II Transp. Inc.*, 2024 WL 5186827, at *1 (W.D. Wash. Dec. 20, 2024) (sealing lease agreements because they "contain business transaction information with potential trade secrets"); *Tevra Brands LLC v. Bayer HealthCare LLC*, 2020 WL 8513081, at *2 (N.D. Cal. Oct. 6, 2020) (sealing information, designated as "Highly Confidential – Attorneys' Eyes Only," relating to company's agreement with retailers and company's internal financial and business strategies); *Baird v. BlackRock Institutional Tr. Co.*, 403 F. Supp. 3d 765, 792 (N.D. Cal. 2019) ("Courts have found that confidential business information in the form of license agreements, financial terms, details of confidential licensing negotiations, and business strategies satisfies the compelling reasons standard." (quotation marks omitted)); *W. Air Charter, Inc. v. Schembari*, 2018 WL 10157139, at *21 (C.D. Cal. Nov. 21, 2018) (granting motion to seal aircraft charter management agreements because disclosure of "key financial terms" and "sensitive information" would compromise party's competitive advantage).

The Court next looks to the parties' request to seal the incident reports, Exhibits 11 and 12. Dkt. 168 at 5–6; Dkt. 161-8; Dkt. 161-9. The reports contain personal identifying information. "The Ninth Circuit has held that compelling reasons exist to keep personal information confidential to protect an individual's privacy interest and to prevent exposure to harm or identity theft." *Activision Publ'g, Inc. v. EngineOwning UG*, 2023 WL 2347134, at *1

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEAL AND REDACT - 2

(C.D. Cal. Feb. 27, 2023) (first citing *Foltz*, 331 F.3d at 1134; and then citing *Kamakana*, 447 F.3d at 1184). Redaction of personal identifying information of non-parties is warranted. *See, e.g.*, *Myles v. Cnty. of San Diego*, 2017 WL 274829, at *2 (S.D. Cal. Jan. 19, 2017) (concluding that "redactions should include third parties' names and personal identifying information"); *Cross v. Cent. Contra Costa Transit Auth.*, 2024 WL 3658045, at *1–2 (N.D. Cal. July 22, 2024 (ordering party to redact names of non-party employees from records filed as exhibits). As such, the incident reports should be redacted to protect the personal identifying information of non-parties involved in this case.

The Court turns last to the training materials, Exhibits 7–9. Dkt. 168 at 3–4; Dkt. 161-4; Dkt. 161-5; Dkt. 161-6. Hilton argues that the release of these materials "could harm Hilton's competitive standing." Dkt. 168 at 3Hilton maintains that these kinds of training materials are "proprietary." *Id.* at 4. Hilton further claims that the documents were designated confidential, and should be sealed, "because these materials relate to the sensitive topic of identifying, preventing, and addressing human trafficking[.]" *Id.* at 3.

Without explicitly arguing that the materials are trade secrets, Hilton appears to argue that the training materials be protected as if they were. *See id.* at 3–4. Under Federal Rule of Civil Procedure 26(c), a trial court has broad discretion to permit sealing documents for the protection of "a trade secret or other confidential research, development, or commercial information." *Fitzhenry-Russell v. Keurig Dr. Pepper Inc.*, 345 F. Supp. 3d 1111, 1120 (N.D. Cal. 2018) (quoting Fed. R. Civ. P. 26(c)(l)(G)). "Public disclosure, as important as it is, thus yields when there is a need to insure that a litigant's records are not used 'as sources of business information that might harm a litigant's competitive standing.'" *Cohan v. Provident Life & Accident Ins. Co.*, 2014 WL 12596287, at *3 (D. Nev. 2014) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

The Ninth Circuit has adopted the definition of "trade secrets" set forth in the Restatement of Torts, finding that "[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Id.* (quoting *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972)). The Restatement provides six factors to consider when determining whether information is a protectable trade secret:

> (1) the extent to which the information is known outside of his business; (2) the extent to which it is known by employees and others involved in his business; (3) the extent of measures taken by him to guard the secrecy of the information; (4) the value of the information to him and to his competitors; (5) the amount of effort or money expended by him in developing the information; (6) the ease or difficulty with which the information could be properly acquired or duplicated by others.

*Baack v. Asurion, LLC*, No. 220CV00336KJDBNW, 2021 WL 3115183, at *1 (D. Nev. July 22, 2021) (quoting Restatement (First) of Torts § 757 cmt. b).

Courts have since found that training materials may qualify as protectable trade secrets. *See, e.g., id.* at *4 (D. Nev. July 22, 2021); *Cohan*, 2014 WL 12596287, at *2. But, where a party fails to articulate these factors, courts have found that the party fails to articulate compelling reasons to seal. *See, e.g.*, *United Tactical Sys., LLC v. Real Action Paintball, Inc.*, No. 14-CV-04050-MEJ, 2017 WL 4865558, at *3 (N.D. Cal. Oct. 27, 2017); *77th St. v. Am. Fam. Mut. Ins. Co.*, No. 212CV01910PHXSLG, 2014 WL 12642162, at *1 (D. Ariz. Aug. 15, 2014); *DelVecchia v. Frontier Airlines, Inc.*, No. 219CV01322KJDDJA, 2024 WL 95870, at *3 (D. Nev. Jan. 9, 2024). The motion must explain "exactly how certain training information is 'proprietary'" to overcome the presumption in favor of public access. *DelVecchia*, 2024 WL 95870, at *3.

Here, Hilton and Doubletree have done no such thing. The motion merely asserts that public disclosure "could harm Hilton's competitive standing." Dkt. 168 at 10. It argues that the

materials were created by "leveraging resources from across the company, including information from Human Resources, Legal and Compliance, Brand Standards and other departments. . . . Significant resources across the company go into the creation, review and implementation of these employee trainings and are provided to Hilton employees as part of the company's strategy to prevent trafficking of any kind." *Id.* at 3–4 (internal citations omitted). And, the motion argues, "all hospitality industry participants design and implement proprietary trainings for their employees and, to ensure compliance with internal guidelines. . . . Hilton has invested significant time and resources in preparing these materials as well as providing the trainings and disclosure could result in significant harm to the company." *Id.* at 4 (internal citations omitted); *see also* Dkt. 169 at 2–3 (declaration of Stephen Gangemi, Vice President, Senior Counsel, Global Dispute Resolution for Hilton, asserting similar arguments).

These broad and conclusory statements are insufficient to overcome the presumption of public access and to articulate compelling reasons to seal for a dispositive motion. This is especially so when the topic of the training materials—the detection and prevention of human trafficking—is central to the lawsuit's allegations and a matter of public concern. Such documents fall squarely within the public's presumptive right to access court records, and Hilton has not overcome that presumption.

Accordingly, the Court GRANTS in part and DENIES in part the motion to seal and redact. The clerk is directed to unseal Dkt. 161-4; Dkt. 161-5; Dkt. 161-6. The documents filed at Dkt. 161-7; 161-8; and Dkt. 161-9 shall remain under seal. It is so ordered.

Dated this 23rd day of June, 2025.

Tiffany M. Cartwright
United States District Judge