The Honorable Tiffany M. Cartwright

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

JANE DOE (S.A.S), an individual

Plaintiff,

v.

ESA P PORTFOLIO, LLC, a foreign company; ESA P PORTFOLIO OPERATING LESSEE, LLC, a foreign company; ESA MANAGEMENT, INC., a foreign corporation; and EXTENDED STAY AMERICA, INC., a foreign company *aka Crossland Tacoma/Hosmer hotel* AND
HILTON DOMESTIC OPERATING COMPANY, INC., a foreign corporation; DOUBLETREE MANAGEMENT, LLC, a foreign company; and HLT OPERATE DTWC CORPORATION, a foreign company, *aka DoubleTree hotels Seattle Airport,*

Defendants,

Civil Action No.: 3:23-cv-6038

**PLAINTIFF'S RULE 59(e) MOTION TO ALTER OR AMEND THE JUDGMENT**

ORAL ARGUMENT REQUESTED

NOTE ON MOTION CALENDAR: September 29, 2025

-1-

PLAINTIFF'S RULE 59(e) MOTION TO
ALTER OR AMEND THE JUDGMENT

# TABLE OF CONTENTS

***Page***

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ............................................................................................................... 1

BACKGROUND ................................................................................................................. 2

STANDARD OF REVIEW ................................................................................................. 2

ARGUMENT ...................................................................................................................... 2

I.    Defendants' Narrow Focus On Plaintiff's Trafficking In November 2013 Led The
      Court To Improperly Disregard Evidence That Predated That Time Period And
      Certain Contemporaneous Evidence. ......................................................................... 3

      A.    There was ample evidence that Plaintiff was trafficked at Defendants'
            hotel before November 2013. ......................................................................... 4

      B.    Even considering only the period surrounding November 2013, there was
            sufficient evidence of Plaintiff's trafficking. ............................................... 9

II.   The Court Manifestly Erred In Concluding That The Summary Judgment
      Evidence Did Not Raise A Fact Issue To Support Plaintiff's Claims. ..................... 10

      A.    Plaintiff presented sufficient evidence to raise a fact issue to support her
            beneficiary liability claim. ........................................................................... 11

      B.    Plaintiff presented sufficient evidence to raise a fact issue to support her
            perpetrator liability claim. ............................................................................ 14

CONCLUSION ................................................................................................................. 15

CERTIFICATE OF SERVICE ......................................................................................... 17

-i-

## <u>TABLE OF AUTHORITIES</u>

*Page*

*Cases*

*Allstate Ins. Co. v. Herron,*
    634 F.3d 1101 (9th Cir. 2011) ..........................................................................................2

*Anderson v. Liberty Lobby, Inc.,*
    477 U.S. 242 (1986)..........................................................................................................4-5

*Ricchio v. McLean,*
    853 F.3d 553 (1st Cir. 2017)............................................................................................12

*Tolan v. Cotton,*
    572 U.S. 650 (2014) (per curiam) ...................................................................................14

***Statute***

18 U.S.C. § 1595........................................................................................................................2, 11

***Rule***

Fed. R. Civ. P. 59(e) ..................................................................................................................2, 15

-ii-

PLAINTIFF'S RULE 59(e) MOTION TO
ALTER OR AMEND THE JUDGMENT

PROVOST UMPHREY LAW FIRM
BRYAN O. BLEVINS, JR.
350 PINE STREET, SUITE 1100
BEAUMONT, TX 77701
T (409) 835-6000 F (409) 838-8888

**INTRODUCTION**

Plaintiff Jane Doe (S.A.S.) respectfully requests that this Court vacate its judgment dismissing her claims.  Defendants moved for summary judgment, and the Court entered judgment against Plaintiff, largely because Defendants disproved some of Plaintiff's testimony concerning her sex trafficking at Defendants' hotel in November 2013.  While Defendants showed Plaintiff was mistaken in some of her testimony regarding that timeframe, that did not justify the dismissal of Plaintiff's entire case.

Plaintiff's case never rested entirely on her trafficking at Defendants' hotel in November 2013.  Respectfully, the Court disregarded significant evidence concerning her trafficking prior to November 2013 (and evidence of her trafficking around November 2013 that Defendants failed to rebut).  The judgment can be explained only as reflecting an improper credibility determination—*i.e.*, that because Defendants disproved some of Plaintiff's testimony regarding November 2013, none of Plaintiff's testimony could be credited.  This result is contrary to the standard applicable at the summary-judgment stage and sets a dangerous precedent in sex-trafficking cases.  Sex-trafficking statutes will mean little if a defendant can defeat a victim's claims simply by showing that—many years after the fact—she made mistakes in testifying about the dates on which certain traumatic events occurred.

This Court should vacate the judgment against Plaintiff, both because it contains manifest errors of fact and law in its disregard of the evidence and because it amounts to a manifestly unjust and unduly punishing result based on a justifiable lapse in Plaintiff's memory.

-1-

PLAINTIFF'S RULE 59(e) MOTION TO
ALTER OR AMEND THE JUDGMENT

## BACKGROUND

This case concerns a sex-trafficking victim who was trafficked through hotels in the Seattle-Tacoma area for fifteen years. *See* Dkt. 53. Plaintiff sued hotel owners and operators, who she alleged were liable as beneficiaries or perpetrators of her trafficking, under 18 U.S.C. § 1595. *Id.* When the Court issued its ruling at the summary judgment stage, the only claims that remained were those against Hilton Domestic Operating Company, Inc. and DoubleTree Management LLC ("Defendants") based on her trafficking at Defendants' DoubleTree Seattle Airport hotel ("the DoubleTree"). Dkt. 178 at 1-2. The Court granted summary judgment for Defendants and entered a judgment dismissing Plaintiff's claims with prejudice. Dkts. 178, 179.

## STANDARD OF REVIEW

The district court has considerable discretion in ruling on a motion to alter or amend the judgment under Rule 59(e). *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). "In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Id.*

## ARGUMENT

Plaintiff requests that the Court vacate its judgment dismissing her claims. Plaintiff respectfully submits that the judgment rests on manifest errors of law and fact and that, by

-2-

PLAINTIFF'S RULE 59(e) MOTION TO
ALTER OR AMEND THE JUDGMENT

dismissing a sex-trafficking victim's claims largely due to mistakes in her memory concerning the timeline of her sex trafficking, the judgment is manifestly unjust.

**I.    Defendants' Narrow Focus On Plaintiff's Trafficking In November 2013 Led The Court To Improperly Disregard Evidence That Predated That Time Period And Certain Contemporaneous Evidence.**

Defendants' summary judgment motion turned on the premise that they had disproven Plaintiff's testimony concerning her trafficking at the DoubleTree during a one-night stay on November 29-30, 2013.  *See* Dkt. 146.  Defendants made much of the fact that, at that time, two of Plaintiff's traffickers (Dominic Rich and Robert Jackson) were incarcerated, and the DoubleTree manager who provided her with rooms in exchange for sex was no longer employed. *E.g.*, *id.* at 1-2, 4-5, 8-10, 12-13, 16-21.  Based on this evidence, Defendants claimed that Plaintiff's entire case was contradicted by the evidence and should be thrown out.  Defendants' summary judgment motion thus proceeded on a warped view of Plaintiff's case: that her claims depended on whether she was trafficked at the DoubleTree on November 29-30, 2013.  The Court granted summary judgment, relying heavily on the notion that Defendants had disproven Plaintiff's allegations of her trafficking at that time.  *E.g.*, Dkt. 178 at 2-3, 9-10, 20-22.

To be sure, Defendants established that certain events could not have occurred around November 29-30, 2013.  Defendants, however, then attempted to extrapolate Plaintiff's mistakes concerning November 2013—mistakes made in testimony given over a decade later—to discredit Plaintiff's entire case.  The undercurrent of Defendants' position was that, because Plaintiff was wrong about November 2013, nothing about her testimony could be credited.  But the weighing and disregarding of certain evidence—and considerations of Plaintiff's

-3-

PROVOST UMPHREY LAW FIRM
BRYAN O. BLEVINS, JR.
350 PINE STREET, SUITE 1100
BEAUMONT, TX 77701
T (409) 835-6000 F (409) 838-8888

credibility—are plainly improper at the summary judgment stage. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The thinly veiled credibility determination underlying Defendants' approach tainted all that followed, leading to a manifestly erroneous judgment that disregarded other evidence of SAS's trafficking at the DoubleTree that Defendants never rebutted.

### A.    *There was ample evidence that Plaintiff was trafficked at Defendants' hotel before November 2013.*

Defendants' myopic focus on Plaintiff's trafficking at the DoubleTree in November 2013 led the Court to either disregard or ignore other evidence of her trafficking at the DoubleTree. As an initial matter, this case was never limited to November 2013. Plaintiff's complaint alleged that her trafficking at the DoubleTree "included" November 29-30, 2013, but "was not limited to the dates listed." Dkt. 53 ¶ 92. Likewise, her interrogatory response stated: "I have a booking receipt for November 29-30, 2013, although these were not the only dates that I was at this hotel location." Dkt. 151-2, No. 5. And while Defendants often focused on the dates of Plaintiff's trafficking—particularly her memory surrounding November 29-30, 2013—Plaintiff consistently testified that she did not have a specific memory of that day or the timeline of her trafficking. *See* Dkt. 144-2 at 141:1-142:10; Dkt. 151-1 at 143:5-11; Dkt. 161-2 at 81:22-82:5, 93:9-96:7, 151:23-152:1, 157:25-158:4, 164:6-12, 223:8-10.[1] Plaintiff's difficulty in recalling the precise timeframe should have been unremarkable: Plaintiff was attempting to testify about the specific dates on which she was repeatedly sexually assaulted across a fifteen-year period—events that occurred *over a decade* prior to her deposition. Yet Defendants obtained a judgment in their

---

[1] Deposition citations reference the original pagination of the depositions.

-4-

PLAINTIFF'S RULE 59(e) MOTION TO
ALTER OR AMEND THE JUDGMENT

PROVOST UMPHREY LAW FIRM
BRYAN O. BLEVINS, JR.
350 PINE STREET, SUITE 1100
BEAUMONT, TX 77701
T (409) 835-6000 F (409) 838-8888

favor largely based on the notion that Plaintiff's failures of memory regarding the specific events of November 29-30, 2013, amounted to a silver bullet that unraveled her entire case.

Even assuming Plaintiff was mistaken about her trafficking at the DoubleTree in November 2013, *but see infra* Part I.B, that should have affected only whether she raised a fact issue concerning that period. Plaintiff's purported failure of proof concerning November 2013 could not and cannot support a conclusion that there was no fact issue about her trafficking at *any* time. And the evidence, including the evidence proffered by Defendants, did not allow for such a conclusion because there was clear and unrebutted evidence of Plaintiff's trafficking at the DoubleTree before November 2013 that the Court could not disregard. *See, e.g.*, *Anderson*, 477 U.S. at 255 ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.").

*First*, Plaintiff testified that she was trafficked by Jackson, including at Defendants' DoubleTree, for a year or more until his arrest. Dkt. 161-2 at 93:1-94:11, 128:3-11, 223:20-225:21, 227:12-17. Plaintiff indicated that this trafficking immediately preceded Jackon's arrest, which she believed occurred around 2011 to 2012. *Id.* at 223:20-225:21. Plaintiff also testified that Jackson trafficked her while Rich was in prison. *Id.* at 92:14-95:25, 223:11-226:1. Defendants' evidence corroborated Plaintiff's memory regarding the timeframe of Jackson's arrest and her trafficking by Jackson. Defendants submitted Jackson's arrest records, showing that Jackson was incarcerated from November 1, 2011 to August 10, 2015. Dkt. 148, Ex. I. Defendants also submitted Rich's arrest records, showing that Rich was incarcerated from

-5-

PLAINTIFF'S RULE 59(e) MOTION TO
ALTER OR AMEND THE JUDGMENT

PROVOST UMPHREY LAW FIRM
BRYAN O. BLEVINS, JR.
350 PINE STREET, SUITE 1100
BEAUMONT, TX 77701
T (409) 835-6000 F (409) 838-8888

October 5, 2010, to May 13, 2014. Dkt. 148, Ex. H.[2] Because Jackson trafficked Plaintiff only while Rich was in prison, Rich's arrest records anchor the timeframe of Plaintiff's trafficking by Jackson. Thus, Plaintiff's testimony concerning her trafficking by Jackson, combined with Jackson's and Rich's arrest records, provided evidence that Plaintiff was trafficked by Jackson at the DoubleTree between 2010 and 2011.

*Second*, Plaintiff testified that a manager of the DoubleTree repeatedly sought commercial sex from her in exchange for rooms, and her trafficker approved this arrangement. Dkt. 161-2 at 157:1-12, 162:16-166:17; Dkt. 151-1 at 166:25-167:24. Defendants showed that these exchanges could not have occurred in November 2013 because the manager was fired in May 2012. Dkt. 152 at 3-4; Dkt. 152, Ex. B. But that showing did not establish that those exchanges never occurred. To the contrary, the summary judgment evidence left no doubt that Plaintiff's exchanges with the manager *did* occur, simply at an earlier date. Specifically, Defendants presented Plaintiff with a lineup of pictures of men matching her description of the DoubleTree manager. *See* Dkt. 151-8 at 314:1-14; *see also* Dkt. 161-2 at 164:21-24; Dkt. 151-6, No. 2. Despite the passage of over a decade, Plaintiff successfully identified the former DoubleTree manager in the lineup as the person who on occasion provided her rooms at the DoubleTree in exchange for sex. Dkt. 151-8 at 314:15-23. Plaintiff's success in identifying the DoubleTree manager in the lineup corroborates her testimony regarding the manager's involvement during her trafficking, and Defendants' evidence concerning the dates of the

---

[2] Defendants stated that Rich was incarcerated in the Washington Department of Corrections from at least October 5, 2010, to May 13, 2014, and Rich's arrest records support that statement. Dkt. 146 at 4; Dkt. 148, Ex. H. But Plaintiff notes that Rich's arrest records indicate his incarceration in 2010 may have begun as early as March 11, 2010. Dkt. 148, Ex. H.

PLAINTIFF'S RULE 59(e) MOTION TO
ALTER OR AMEND THE JUDGMENT

PROVOST UMPHREY LAW FIRM
BRYAN O. BLEVINS, JR.
350 PINE STREET, SUITE 1100
BEAUMONT, TX 77701
T (409) 835-6000 F (409) 838-8888

manager's employment clarify the proper timeline. Thus, the evidence concerning the manager raised a fact issue regarding Plaintiff's trafficking at the DoubleTree prior to May 2012.

*Third*, Plaintiff testified that she was trafficked multiple times at the DoubleTree by Jackson and Rich over 30 to 60 days. Dkt. 151-1 at 143:5-25; Dkt. 161-2 at 151:1-14, 226:25-228:12. While Plaintiff was able to produce a booking receipt only for her stay on November 29-30, 2013, no principle of law or evidence required her to present booking receipts. Any such requirement would be problematic in sex-trafficking cases, where stay records cannot be reliably located because the rooms are sometimes reserved or paid for by pimps, sometimes by johns, and sometimes by the victims. *E.g.*, Dkt. 161-2 at 81:16-21, 82:6-14, 94:3-8, 163:12-15; Dkt. 151-1 at 144:3-24, 269:25-270:22. Rather than relying solely on the receipt for her November 29-30, 2013 stay, a jury could have credited her testimony that she was trafficked at the DoubleTree on multiple other occasions. Further, as explained above, Plaintiff's testimony was corroborated by her testimony about the DoubleTree manager and her success in identifying him in a lineup. Taken together, the evidence created a fact question as to Plaintiff's trafficking on multiple occasions by Jackson at the DoubleTree between the time of Rich's arrest in 2010 and Jackson's arrest on November 1, 2011. Likewise, the evidence created a fact question as to Plaintiff's trafficking on multiple occasions by Rich at the DoubleTree prior to his incarceration in 2010. Notably, Defendants searched their stay records *only* between January 1, 2013 and August 19, 2016. *See* Dkt. 152 at 2-3; Dkt. 152, Ex. A. Defendants' inability to locate a record of Plaintiff's stay during that time period *did not* rebut the evidence of Plaintiff's trafficking at the

-7-

PLAINTIFF'S RULE 59(e) MOTION TO
ALTER OR AMEND THE JUDGMENT

PROVOST UMPHREY LAW FIRM
BRYAN O. BLEVINS, JR.
350 PINE STREET, SUITE 1100
BEAUMONT, TX 77701
T (409) 835-6000 F (409) 838-8888

DoubleTree *before* 2013—a period Defendants knew was supported in Plaintiff's deposition but chose to never check.

In short, significant evidence raised a fact issue concerning Plaintiff's trafficking at the DoubleTree in the years prior to Plaintiff's stay in November 2013. While Defendants rebutted part of Plaintiff's testimony concerning her trafficking in November 2013, Defendants did not negate the evidence of Plaintiff's trafficking in earlier years. The Court manifestly erred in disregarding that evidence and entering judgment against Plaintiff.

\*        \*        \*

Plaintiff acknowledges that claims relying on her trafficking prior to 2013 present potential statute of limitations issues, which the Court did not reach. Dkt. 178 at 25. But, for the reasons previously explained, any statute of limitations issue presents factual questions that cannot be resolved at the summary judgment stage and would be cured by the application of the discovery rule, equitable tolling, or other principles. *See* Dkt. 159 at 2-3, 20-22. Here, Plaintiff was subject to persistent abuse and strict control from her traffickers until 2016. *See, e.g.*, Dkt. 161-2 at 13:25-14:1, 78:13-82:5, 156:5-11; *see also* Dkt. 159-6 ¶¶ 68-69, 83, 86, 129-130, 134-37. And Plaintiff was a victim of egregious trauma as a result of her trafficking. *See, e.g.*, Dkt. 144-2 at 267:22-268:14; Dkt. 151-1 at 265:20-25; Dkt. 161-2 at 50:7-21, 80:10-81:11, 95:7-15, 131:20-132:7, 156:5-11, 161:12-13; *see also* Dkt. 159-6 ¶¶ 72-74, 134-37. Further, the evidence was unrebutted that Plaintiff did not realize she was a victim of sex trafficking until well after her trafficking ended in 2016, when she learned about the conduct that constitutes sex trafficking at the Real Escape from Sex Trafficking ("REST") house. *See* Dkt. 151-1 at 84:24-

-8-

PLAINTIFF'S RULE 59(e) MOTION TO
ALTER OR AMEND THE JUDGMENT

PROVOST UMPHREY LAW FIRM
BRYAN O. BLEVINS, JR.
350 PINE STREET, SUITE 1100
BEAUMONT, TX 77701
T (409) 835-6000 F (409) 838-8888

85:8; Dkt. 161-2 at 13:25-14:1, 130:22-131:19, 180:18-19, 225:22-226:24. The Court should

vacate its judgment and consider, or order further briefing on, statute of limitations and any other

issues that it did not reach in its prior summary judgment order, if necessary.

**B.**     *Even considering only the period surrounding November 2013, there was sufficient evidence of Plaintiff's trafficking.*

Even accepting Defendants' improper efforts to limit this case to the period surrounding

November 2013, there was sufficient evidence to survive summary judgment. The foundation of

Defendants' argument—that Plaintiff could not have been trafficked at the DoubleTree in

November 2013 because Rich and Jackson were incarcerated—was contradicted by the record.

Although it is now undisputed that Rich was incarcerated in November 2013, Plaintiff testified

without contradiction that Rich continued to traffic her while he was incarcerated. Dkt. 161-2 at

102:13-15. Plaintiff further testified that Rich's associates and gang members helped effectuate

Rich's trafficking of Plaintiff, including while Rich was incarcerated. *See id.* at 96:1-97:5,

107:15-25; *see also id.* at 132:4-15, 205:17-207:25. The Court acknowledged the evidence that

"Rich still managed to control [Plaintiff] from prison." Dkt. 178 at 4. The Court erred in

disregarding that evidence in granting summary judgment.

The Court also disregarded evidence that Rich's associates helped him traffic Plaintiff

while he was in prison. This error seemingly stemmed from the Court's conclusion that Plaintiff

waived any argument regarding one such associate, Napoleon Matthews, when Plaintiff

mentioned him by name at the summary judgment hearing. Dkt. 178 at 18. The Court held that

this was a "new argument" that could not be raised at oral argument and suggested that this

-9-

PLAINTIFF'S RULE 59(e) MOTION TO
ALTER OR AMEND THE JUDGMENT

PROVOST UMPHREY LAW FIRM
BRYAN O. BLEVINS, JR.
350 PINE STREET, SUITE 1100
BEAUMONT, TX 77701
T (409) 835-6000 F (409) 838-8888

argument was inconsistent with Plaintiff's argument that Rich and Jackson were her traffickers at the DoubleTree. *Id.*

However, Plaintiff specifically argued in her summary judgment briefing that "Rich's affiliates" and "fellow gang member[s]" helped to traffic her and cited Plaintiff's testimony concerning Napoleon Matthews ("Drop"). *E.g.*, Dkt. 159 at 4-7 (citing, *inter alia*, Dkt. 161-2 at 96:1-97:5). Thus, Plaintiff did not raise this argument for the first time at oral argument. The only aspect that could potentially be considered "new" was that Plaintiff mentioned Napoleon Matthews *by name* at oral argument. But that could not possibly permit the Court to ignore Plaintiff's undoubtedly preserved argument that Rich's associates helped to traffic her. Moreover, Napoleon Matthew's name could not have been a surprise to Defendants because they explicitly questioned Plaintiff about Matthews in her deposition. *E.g.*, Dkt. 161-2 at 96:1-97:13, 107:15-25. Finally, Plaintiff's argument and testimony that she was trafficked by Rich while Rich was in prison is fully consistent with Plaintiff's argument that gang members like Matthews (and others) helped Rich traffic her. As such, it was manifestly erroneous, and manifestly unjust, for the Court to hold that Plaintiff's use of Napoleon Matthew's name at oral argument retroactively waived Plaintiff's previously presented argument that Rich's associates trafficked her in 2013 while Rich was incarcerated.

## II.    The Court Manifestly Erred In Concluding That The Summary Judgment Evidence Did Not Raise A Fact Issue To Support Plaintiff's Claims.

The summary judgment hearing and the Court's ultimate summary judgment ruling focused heavily on whether, in the abstract, Plaintiff's trafficking allegations were supported by the evidence. *See* Dkt. 178 at 1-11, 13-18; *supra* Part I. The errors in that Court's analysis were

PLAINTIFF'S RULE 59(e) MOTION TO
ALTER OR AMEND THE JUDGMENT

PROVOST UMPHREY LAW FIRM
BRYAN O. BLEVINS, JR.
350 PINE STREET, SUITE 1100
BEAUMONT, TX 77701
T (409) 835-6000 F (409) 838-8888

compounded by the Court's ultimate analysis of Plaintiff's claims under 18 U.S.C. § 1595. *See* Dkt. 178 at 18-25.

    **A.**    *Plaintiff presented sufficient evidence to raise a fact issue to support her beneficiary liability claim.*

    The Court held that the evidence did not raise a fact issue regarding Plaintiff's beneficiary liability claim, concluding that Plaintiff "could not prove that Defendants participated in a venture with her traffickers." Dkt. 178 at 20. The Court reasoned that Defendants negated this element because they produced evidence that "the two men who allegedly trafficked [Plaintiff] at the DoubleTree were incarcerated in November 2013," "DoubleTree's reservation system did not contain records of additional stays," and "the hotel manager identified by [Plaintiff] as being complicit in her trafficking had been fired by 2012." *Id.* at 22. As explained above, however, that evidence was not dispositive. *First*, the traffickers' incarceration and the manager's absence in November 2013 did not rebut the evidence that Plaintiff was trafficked by Jackson at the DoubleTree between 2010 and 2011. *See supra* Part I.A. *Second*, Defendants searched only for stay records beginning in January 2013, which prove nothing about Plaintiff's trafficking at the DoubleTree before that date. *See supra* at 7-8. In any event, Plaintiff's testimony and other corroborating evidence raised a fact issue regarding her trafficking before 2013, and the absence of stay records does not permit the Court to disregard that evidence. *See supra* Part I.A. *Third*, despite her traffickers' incarceration in November 2013, Plaintiff presented evidence that the Court could not disregard that Rich continued to traffic her directly and through his gang affiliates while he was in prison, including during the period in 2013. *See supra* Part I.B.

-11-

PLAINTIFF'S RULE 59(e) MOTION TO
ALTER OR AMEND THE JUDGMENT

PROVOST UMPHREY LAW FIRM
BRYAN O. BLEVINS, JR.
350 PINE STREET, SUITE 1100
BEAUMONT, TX 77701
T (409) 835-6000 F (409) 838-8888

The Court further reasoned that the evidence that Plaintiff "was trafficked at the DoubleTree by two different men for a total of 30 to 60 non-consecutive days between 2002 and 2016 is simply not enough for a reasonable jury to find a *continuous* business relationship," emphasizing the purported absence of evidence of her trafficking "for even two consecutive nights…across fifteen years." Dkt. 178 at 23. As an initial matter, the Court committed a manifest error of law in relying only on whether a "continuous business relationship" existed between Defendants and the traffickers. As the Court previously recognized, there are "multiple ways to establish the 'participation in a venture' requirement," and the continuous business relationship test is only one. Dkt. 102 at 11. A plaintiff can also establish this element, for example, by showing "a common purpose, shared profits and risk, or control." *Id.* Defendants' conduct constitutes participation under this test, regardless of whether the relationship between Defendants and Plaintiff's traffickers could be deemed "continuous." Defendants and the traffickers shared in the profits from the trafficking venture at the DoubleTree: the traffickers received payments from the johns, and Defendants received revenues for up to *two months* of room rentals. *See Ricchio v. McLean*, 853 F.3d 553, 555-57 (1st Cir. 2017) (Section 1595 claim was adequately alleged, even though trafficking was limited to "several days," where hotel received money for renting rooms to sex trafficker despite signs of plaintiff's trafficking). Moreover, there was undoubtedly "risk" involved for both parties in participating in a venture engaged in illegal conduct.

The Court's analysis of the continuous business relationship test was also undermined by factual errors. The Court held that Plaintiff's testimony that she was trafficked for 30-60 days

-12-

PLAINTIFF'S RULE 59(e) MOTION TO
ALTER OR AMEND THE JUDGMENT

PROVOST UMPHREY LAW FIRM
BRYAN O. BLEVINS, JR.
350 PINE STREET, SUITE 1100
BEAUMONT, TX 77701
T (409) 835-6000 F (409) 838-8888

between 2002 and 2016 was inadequate to show a "continuous" business relationship. Dkt. 178 at 23. But while Plaintiff testified that the total period of her trafficking spanned from 2002 to 2016, the evidence indicated that her trafficking at the DoubleTree was more condensed. The evidence showed that Plaintiff's trafficking by Jackson at the DoubleTree occurred over a period of approximately a year between Rich's incarceration in 2010 and Jackson's arrest in 2011. *See supra* at 5-6. Plaintiff also testified that she stayed at the DoubleTree only "a couple times without the manager being there." Dkt. 161-2 at 165:16-24. And the evidence showed that the employee at issue served as a manager at the DoubleTree only between November 3, 2008 and August 1, 2009, and between June 1, 2010 and his termination on May 18, 2012. Dkt. 152, Ex. B. Thus, most of Plaintiff's trafficking at the DoubleTree could only have occurred in the limited window of time from 2010 to 2011. The Court's conclusion that no "continuous business relationship" existed was therefore premised on a manifestly erroneous factual determination that her trafficking at the DoubleTree occurred only sporadically across fifteen years.

The Court also incorrectly assumed that, because Plaintiff's stays at the DoubleTree were nonconsecutive, Plaintiff did not stay "for even two consecutive nights—or even two nights in close proximity." Dkt. 178 at 23. Plaintiff testified that she stayed at the DoubleTree multiple times and that her stays amounted to 30 to 60 days total. Dkt. 161-2 at 151:1-14, 226:25-228:12; Dkt. 151-1 at 143:5-20. As Plaintiff explained, she was not at the DoubleTree for "a month straight"; she was there "off and on." Dkt. 161-2 at 228:7-12. While Plaintiff's stays were non-consecutive in the sense that Plaintiff did not stay for 30-60 days *in a row*, no evidence supported the Court's assumption that all of Plaintiff's stays at the DoubleTree were only for a single night.

-13-

PLAINTIFF'S RULE 59(e) MOTION TO
ALTER OR AMEND THE JUDGMENT

PROVOST UMPHREY LAW FIRM
BRYAN O. BLEVINS, JR.
350 PINE STREET, SUITE 1100
BEAUMONT, TX 77701
T (409) 835-6000 F (409) 838-8888

The Court's assumption was unsupported by the evidence, and it was impermissible for the Court to draw that assumption in Defendants' favor given its obligation to construe the evidence in the light most favorable to Plaintiff. *See, e.g.*, *Tolan v. Cotton*, 572 U.S. 650, 651, 657 (2014) (per curiam). The Court's conclusion that no reasonable jury could find a continuous business relationship here explicitly rested on this assumption. Dkt. 178 at 23. Thus, the Court's ultimate conclusion and entry of summary judgment on Plaintiff's beneficiary liability claim was manifestly erroneous.

### B. *Plaintiff presented sufficient evidence to raise a fact issue to support her perpetrator liability claim.*

The Court also held that Plaintiff's perpetrator liability claim failed "for the same fundamental reason as her beneficiary liability claim." Dkt. 178 at 24. The Court explained that evidence "[Plaintiff] was trafficked at the DoubleTree for a total of 30 to 60 unknown, non-consecutive nights by two different men across fifteen years—is not sufficient for a reasonable jury to find that the Hilton Defendants knowingly assisted, supported, or facilitated her traffickers." *Id.* at 24-25. But, as just explained, the premise of the Court's reasoning—*i.e.*, that Plaintiff was trafficked at the DoubleTree only during scattered, one-night stays across fifteen years—was incorrect. *See supra* at 12-14. Moreover, the record contained ample evidence that Defendants knowingly facilitated Plaintiff's trafficking and benefitted from doing so, including evidence that Defendants profited from repeatedly renting rooms to Plaintiff's traffickers despite obvious signs of her trafficking—*e.g.*, Plaintiff was assaulted by her trafficker and screamed for help, Plaintiff appeared always under the control of her trafficker or his "baby sitters," Plaintiff's appearance was indicative of trafficking, Plaintiff's hotel rooms showed signs of sex trafficking

-14-

and abuse, Defendants observed Plaintiff and her trafficker in the hotel lobby, and Defendants' hotel manager demanded sex in exchange for rooms. *See* Dkt. 151-1 at 142:16-143:20, 157:19-24, 166:25-167:24; Dkt. 161-2 at 131:20-132:15, 151:1-14, 153:9-154:9, 156:7-20, 158:4-159:14, 161:9-13, 162:4-5, 162:16-166:24, 205:17-207:25, 293:1-294:25; Dkt. 144-2 at 273:15-23. On this record, the Court's entry of summary judgment on Plaintiff's perpetrator liability claim was also manifestly erroneous.

## **CONCLUSION**

For the foregoing reasons, Plaintiff prays that this Court grant this motion to alter or amend the judgment under Rule 59(e), vacate the judgment and order granting summary judgment against her, and permit her claims to proceed.

DATED September 8, 2025

I certify that this motion contains 4,020 words in compliance with the Local Civil Rules.

Respectfully submitted,

**PROVOST UMPHREY LAW FIRM**

By: /s/ *Bryan O. Blevins, Jr.*
Bryan O. Blevins, Jr. | SBN 02487300
Colin D. Moore| SBN 24041513
350 Pine Street, Suite 1100
Beaumont, Texas 77701
(409) 835-6000
bblevins@pulf.com

-15-

PLAINTIFF'S RULE 59(e) MOTION TO
ALTER OR AMEND THE JUDGMENT

PROVOST UMPHREY LAW FIRM
BRYAN O. BLEVINS, JR.
350 PINE STREET, SUITE 1100
BEAUMONT, TX 77701
T (409) 835-6000 F (409) 838-8888

**RESTORE THE CHILD, PLLC**
Susanna Southworth, PhD, Esq.
WSBA# 35687
2522 N. Proctor St., Ste 85
Tacoma, WA 98406
(253) 392-4409
susanna@restorethechild.com

**SICO HOELSCHER HARRIS LLP**
David E. Harris | SBN 24049273
819 N. Upper Broadway
Corpus Christi, Texas 78401
(361) 653-3300
(361) 653-3333 Facsimile
*dharris@shhlaw.com*

**ANNIE MCADAMS, PC**
Annie McAdams | SBN 24051014
2900 North Loop West
Suite 1130
Houston Texas 77092
Telephone (713) 785-6262
Facsimile (866) 713-6141
annie@mcadamspc.com

**ATTORNEYS FOR PLAINTIFF**

-16-

PLAINTIFF'S RULE 59(e) MOTION TO
ALTER OR AMEND THE JUDGMENT

PROVOST UMPHREY LAW FIRM
BRYAN O. BLEVINS, JR.
350 PINE STREET, SUITE 1100
BEAUMONT, TX 77701
T (409) 835-6000 F (409) 838-8888

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and accurate copy of the foregoing pleading

was uploaded for electronic filing through the Court's Electronic Case Filing System (CM/ECF),

and Notice will thus be sent to all the following registered parties per Civil Rule 5(b)(2)(3), on

September 8, 2025.


Susanna Southworth
RESTORE THE CHILD PLLC
2522 N PROCTOR ST
STE 85
TACOMA, WA 98406
253-392-4409
susanna@restorethechild.com

Annie McAdams
ANNIE MCADAMS PC
2900 NORTH LOOP WEST
SUITE 1130
HOUSTON, TX 77092
713-785-6262
866-713-6141 (fax)
annie@mcadamspc.com
*PRO HAC VICE*

Bryan O Blevins, Jr
PROVOST UMPHREY LAW FIRM
350 PINE ST
SUITE 1100
BEAUMONT, TX 77701
409-835-6000
bblevins@pulf.com
*PRO HAC VICE*

Preston Burns
SICO HOELSCHER HARRIS LLP
3 RIVERWAY DR
SUITE 1910
HOUSTON, TX 77056
281-219-8684
pburns@shhlaw.com
*PRO HAC VICE*

Daniel J Dunne, Jr.
Aaron Brecher
ORRICK HERRINGTON &
   SUTCLIFFE LLP
401 UNION ST
STE 3300
SEATTLE, WA 98101
206-839-4300
839-4301 (fax)
ddunne@orrick.com
abrecher@orrick.com

Bethany Biesenthal
Allison McQueen
JONES DAY (IL)
110 N WACKER DR
STE 4800
CHICAGO, IL 60606
312-269-4303
bbiesenthal@jonesday.com
amcqueen@jonesday.com
*PRO HAC VICE*

Nicole Perry
JONES DAY (HOUSTON)
717 TEXAS
STE 3300
HOUSTON, TX 77002
832-239-3791
nmperry@jonesday.com
*PRO HAC VICE*

-17-

PLAINTIFF'S RULE 59(e) MOTION TO
ALTER OR AMEND THE JUDGMENT

David E Harris
SICO HOELSCHER HARRIS LLP (TX)
819 N. UPPER BROADWAY
CORPUS CHRISTI, TX 78401
361-653-3300
dharris@shhlaw.com
*PRO HAC VICE*

Colin D. Moore
PROVOST UMPHREY LAW FIRM
350 PINE ST
SUITE 1100
BEAUMONT, TX 77701
409-838-8824
cmoore@pulf.com
*PRO HAC VICE*

Christopher J Drotzmann
Nichole M. Rhoads
DAVIS ROTHWELL EARLE & XOCHIHUA
(OR)
200 SW MARKET ST
STE 1800
PORTLAND, OR 97201
503-222-4422
cdrotzmann@davisrothwell.com
nrhoades@davisrothwell.com

Andrew Clopton
JONES DAY (DETROIT)
150 W JEFFERSON AVE
STE 2100
DETROIT, MI 48226
313-230-7950
aclopton@jonesday.com
*PRO HAC VICE*

Ana Maria Cristina Perez Soto
JONES DAY (Miami)
600 Brickell Avenue, Ste. 3300
Miami, FL 33131
305.714.9733
cperezsoto@jonesday.com
*PRO HAC VICE*

DATED September 8, 2025

**PROVOST UMPHREY LAW FIRM**

**By:**  /s/ *Bryan O. Blevins, Jr.*
Bryan O. Blevins, Jr. | SBN 02487300
Colin D. Moore|  SBN 24041513
350 Pine Street, Suite 1100
Beaumont, Texas 77701
(409) 835-6000
bblevins@pulf.com

IM-#10828515.5

-18-

PLAINTIFF'S RULE 59(e) MOTION TO
ALTER OR AMEND THE JUDGMENT

PROVOST UMPHREY LAW FIRM
BRYAN O. BLEVINS, JR.
350 PINE STREET, SUITE 1100
BEAUMONT, TX 77701
T (409) 835-6000 F (409) 838-8888