Honorable Tiffany M. Cartwright

1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA**

9

10  **JANE DOE (S.A.S.), an individual,**

11         **Plaintiff,**

12         **v.**

13  **ESA P PORTFOLIO, LLC, a foreign
company; ESA P PORTFOLIO**
14  **OPERATING LESSEE, LLC, a foreign
company; ESA MANAGEMENT, INC., a**
15  **foreign corporation; and EXTENDED
STAY AMERICA, INC.,** *aka Crossland*
16  ***Tacoma/Hosmer hotel***

**AND**
17
**HILTON DOMESTIC OPERATING**
18  **COMPANY, INC., a foreign corporation;
DOUBLETREE MANAGEMENT, LLC, a**
19  **foreign company; and HLT OPERATE
DTWC CORPORATION, a foreign**
20  **company,** *aka Doubletree Hotels Seattle*
***Airport*,**
21
         **Defendants.**
22

**Case No. 3:23-cv-6038-TMC**

**DEFENDANTS HILTON DOMESTIC
OPERATING COMPANY INC. AND
DOUBLETREE MANAGEMENT,
LLC's OPPOSITION TO PLAINTIFF'S
RULE 59(e) MOTION TO ALTER OR
AMEND JUDGMENT**

Noting Date: September 29, 2025

23
24
25
26
27
28

OPPOSITION TO PLAINTIFF'S
RULE 59(e) MOTION
Case No. 3:23-CV-06038

JONES DAY
717 Texas Street, Suite 3300
Houston, TX 77002
+1.832.239.3939

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defendants Hilton Domestic Operating Company Inc. and Doubletree Management, LLC oppose Plaintiff's Motion to Alter or Amend Judgment (ECF No. 182).  Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 59.30[4] (3d ed. 2000); *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014); *see also Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (noting that even a *pre-judgment* "motion for reconsideration should not be granted, absent highly unusual circumstances").  Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."  11 WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 2810.1, pp. 127–128 (2d ed. 1995); *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008).  Instead, Rule 59(e) applies in only three narrow circumstances, where the movant (1) "present[s] . . . newly discovered evidence," (2) demonstrates that the court "committed *clear error*," or (3) points to "an intervening change in controlling law."  *Wood*, 759 F.3d at 1121.  "Clear error"—the ground invoked here—is "a very exacting standard."  *Delmore v. Wash. State Dep't of Corr.*, 2025 WL 1725140, at *3 (W.D. Wash. June 20, 2025) (Cartwright, J.).

This Court carefully considered the facts and correctly applied its legal standards to those facts as they developed in discovery.  Even after pleading baseless facts, offering false testimony, submitting a sham declaration, and shifting theories up through oral argument, Plaintiff now boldly claims that it was this Court that committed clear error.  But in doing so, Plaintiff relitigates issues that she already lost and continues to introduce new ones that she never raised.  Plaintiff can appeal this Court's judgment to the Ninth Circuit, if she so chooses, and Hilton has every confidence that the judgment will be affirmed.  But Plaintiff comes nowhere close to satisfying the "clear error" standard applicable to Rule 59(e).  Plaintiff's Motion must therefore be denied.

OPPOSITION TO PLAINTIFF'S
RULE 59(e) MOTION
Case No. 3:23-CV-06038

-1-

JONES DAY
717 Texas Street, Suite 3300
Houston, TX 77002
+1.832.239.3939

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.      The Court Did Not "Improperly Disregard Evidence."

Plaintiff claims that this Court "improperly disregard[ed]" evidence of her trafficking at the DoubleTree by focusing mainly on the fact that Hilton had "disproven Plaintiff's allegations of her trafficking" from November 29–30, 2013. Mot. 3–4.[1] According to Plaintiff, "significant evidence raised a fact issue" regarding her trafficking "in the years prior to [her] stay in November 2013" and even during that stay. Mot. 8–9. But for the most part, Plaintiff merely points to the same evidence that she raised in her summary judgment opposition. And more importantly, the Court did not ignore any record evidence.

*First*, Plaintiff largely regurgitates her summary judgment opposition. There, as here, Plaintiff argued that her claims do not depend on whether she was trafficked at the DoubleTree on November 29–30, 2013. MSJ Opp. 8–9, 17–18, 20; Mot. 3–4. In support, she pointed to her testimony that Robert Jackson trafficked her in 2011 or 2012 and that she was trafficked at the DoubleTree "repeatedly" between "30 and 60 total, non-consecutive days"—points she continues to make here. MSJ Opp. 8–9, 18; Mot. 5–7. And she claimed (and continues to claim) that her "ability to describe the manager who obtained commercial sex from her … corroborates [that] testimony." MSJ Opp. 9; Mot. 6–7. She also noted (and repeats here) that Hilton did not search for room records before 2013. MSJ Opp. 9; Mot. 7–8. Finally, Plaintiff sought to rehabilitate the claim that she was trafficked at the DoubleTree in November 2013 by relying on her testimony (reiterated here) that Dominic Rich trafficked her from prison. MSJ Opp. 20; Mot. 9. Plaintiff cannot prevail on her Rule 59(e) motion simply by "relitigat[ing] old matters." *Delmore*, 2025 WL 1725140, at *3 (Cartwright, J.) (quoting *Exxon*, 554 U.S. 471, 485 n.5).

---

[1] Of course, Rule 59(e) does not even apply where the court "disregard[ed]" certain evidence, Mot. 3–4, unless that disregard constitutes "clear error." *Wood*, 759 F.3d at 1121; *see Hashimoto v. Dalton*, 118 F.3d 671, 682 (9th Cir. 1997) (noting that at summary judgment, "[a] judge is not required . . . to mention every item of evidence and either adopt or reject it" because the appellate court "presume[s] that the [trial] judge considers all of the evidence").

1   *Second*, the premise of Plaintiff's argument—that the summary judgment decision rests

2   on ignoring evidence and improper credibility determinations—is false.  Mot. 3–4.  The Court

3   credited Plaintiff's testimony that "she was trafficked at the DoubleTree by two different men

4   for a total of 30 to 60 non-consecutive days between 2002 and 2016" and concluded that it was

5   "simply not enough for a reasonable jury to find a continuous business relationship."  MSJ

6   Order 23.  That is, the Court did not "disregard" any evidence that Plaintiff was trafficked at the

7   DoubleTree before 2013 or during the contested November 2013 dates.  In fact, the Court

8   specifically recounted all the evidence that Plaintiff describes here.  *Id.* at 4, 9, 11 (citing

9   Plaintiff's testimony that Jackson trafficked her while Rich was incarcerated "around 2011 and

10  2012"); *id.* at 8 (citing Plaintiff's testimony that she was trafficked "somewhere between thirty

11  and sixty nights from 2002 to 2016); *id.* at 6, 8–10 (citing Plaintiff's identification of the manager

12  who allegedly exchanged free rooms for sex); *id.* at 9 (acknowledging that Hilton's reservation

13  system had no stay records "from January 1, 2013 through August 2016"); *id.* at 4 (citing

14  Plaintiff's testimony that Rich sometimes "managed to control [her] from prison").

15

16

17          Plaintiff can point to only one piece of supposed "evidence" that this Court failed to

18  entertain.  The Court refused to consider Plaintiff's claim, newly raised at oral argument, that

19  Napoleon Matthews trafficked her at the DoubleTree in November 2013.  *Id.* at 18.  Plaintiff

20  contends that she sufficiently raised this argument at summary judgment by claiming that Rich's

21  "gang members" and "affiliates" helped to traffic her and citing her deposition testimony about

22  Matthews.  Mot. 10.  But neither her brief nor her testimony connected Matthews with Plaintiff's

23  trafficking *at the DoubleTree*.  MSJ Opp. (not citing Matthews); MSJ Order 18 (noting that

24  "S.A.S. unequivocally testified on several occasions that her only traffickers at the DoubleTree

25  were Rich and Jackson"); *compare* Dkt. 161-2 at 227:15 (identifying "Dominic and Robert" as

26  the "traffickers at the DoubleTree"), *with id.* 96:1–97:5 (claiming that she engaged in

27

28

OPPOSITION TO PLAINTIFF'S                    -3-                        JONES DAY
RULE 59(e) MOTION                                         717 Texas Street, Suite 3300
Case No. 3:23-CV-06038                                       Houston, TX 77002
                                                              +1.832.239.3939

1  commercial sex at unspecified other "[h]otels" "when Napoleon was [her] pimp"). Indeed, until

2  oral argument, Plaintiff had consistently maintained that Rich and Jackson were her *only*

3  traffickers at the DoubleTree. MSJ 2; MSJ Opp. 5. Thus, it was neither erroneous nor unjust

4  (let alone "manifestly" so) for the Court to consider this argument waived. Mot. 10.

5          In any event, as explained, the Court's decision did not rest on the notion that Hilton had

6  disproved Plaintiff's trafficking at the DoubleTree in 2013 or any other date. Thus, because the

7  Court did not even commit the error that Plaintiff identified, she cannot establish that the Court

8  "clear[ly] err[ed]" under Rule 59(e). *Delmore*, 2025 WL 1725140, at *3 (Cartwright, J.).

9          *Finally*, even if this Court had discounted Plaintiff's claims of pre-2013 trafficking, it

10  would have been entitled to do so. Plaintiff testified that her trafficking at the DoubleTree began

11  around November 29–30, 2013, when she started exchanging sex for rooms with a manager, and

12  ended "a month or two" thereafter, when the manager ejected her from the premises. MSJ 4–5.

13  Once Hilton established the impossibility of this narrative, Plaintiff disavowed this timeline in

14  her (sham) declaration. MSJ Reply 2. Though she insisted that she was trafficked at the

15  DoubleTree "on multiple occasions," she admitted that she could not "identify specific dates."

16  MSJ Order 10. She could not say when the manager became her customer or provide any date

17  range for her trafficking by Rich at the DoubleTree. *Id.* at 10–11. She could say only that

18  Jackson trafficked her at the hotel in 2011 or 2012, though she "d[id] not narrow the potential

19  date further." *Id.* at 11. Trafficking by Jackson throughout this period was of course impossible,

20  given his November 2011 arrest. MSJ 4. This Court correctly explained that several statements

21  in her declaration—like her inability to remember specific dates—contradicted her prior

22  deposition testimony, triggering the sham declaration rule. MSJ Order at 15–16 (citing *Yeager*

23  *v. Bowlin*, 693 F.3d 1076, 1080 (9th Cir. 2012)). And other statements—like her "certain[ty]"

24  that she was trafficked at the DoubleTree—were "little more than conclusions" and thus could

OPPOSITION TO PLAINTIFF'S                    -4-                          JONES DAY
RULE 59(e) MOTION                                               717 Texas Street, Suite 3300
Case No. 3:23-CV-06038                                          Houston, TX 77002
                                                               +1.832.239.3939

1   be "disregarded." *Id.* at 17–18 (quoting *Nigro v. Sears, Roebuck & Co.*, 784 F.3d 494, 497 (9th

2   Cir. 2015)); *see also Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)

3   (A "genuine issue" of material fact does not exist where "the only evidence presented is

4   'uncorroborated and self-serving' testimony."). Plaintiff does not, and cannot, take issue with

5   any of these legal conclusions.

6

7          What's more, as Hilton explained, a plaintiff who "offers no specific dates for any of the

8   [alleged] actions" or "offers no support for [her] asserted dates other than [her] declaration"

9   cannot "survive a motion for summary judgment." *Hernandez v. Spacelabs Med. Inc.*, 343

10  F.3d 1107, 1116 (9th Cir. 2003) (granting summary judgment where plaintiff asserted that

11  "several" "incidents occurred in 'late 1998' or 1999"); *see, e.g.*, *Kauli v. City of Maui*, 504 F.

12  Supp. 2d 969, 986 (D. Haw. 2007) (granting summary judgment where "Plaintiff either fail[ed]

13  entirely to allege any date at all or submits that an event occurred sometime in '2001'"). MSJ

14  Reply 4–5. But that is all Plaintiff offered at the summary-judgment stage and now offers here.

15

16         And as Hilton also explained, any alleged trafficking before 2013 is time-barred. *See* 18

17  U.S.C. § 1595(c) ("ten years"). Contrary to her contention, moreover, Plaintiff cannot invoke

18  any exception. Mot. 8–9. The discovery rule does not apply because the statute's text makes

19  clear that this "rule does not apply to the TVPRA." *C.C. v. Rashid*, 2025 WL 1785273, at *5

20  (D. Nev. June 26, 2025) (citing *Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar*

21  *Corp. of Cal., Inc.*, 522 U.S. 192, 201 (1997)); *see also J.M. v. Red Roof Franchising, LLC*, 2025

22  WL 2410941, at *7 (E.D. Cal. Aug. 20, 2025). And no evidence supports this rule's application

23  here in any event, as Plaintiff had reason to know of her injuries when they occurred. MSJ

24  Reply 5–6. Equitable tolling does not apply both because Plaintiff never pleaded it, *Wasco*

25  *Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 991 (9th Cir. 2006), and because she failed

26  to file suit within a "reasonable time" after any extraordinary circumstance ended, *Smith v.*

27

28

OPPOSITION TO PLAINTIFF'S                    -5-                              JONES DAY
RULE 59(e) MOTION                                                   717 Texas Street, Suite 3300
Case No. 3:23-CV-06038                                                 Houston, TX 77002
                                                                       +1.832.239.3939

1    *Davis*, 953 F.3d 582, 598 n.7 (9th Cir. 2020) (en banc).  MSJ Reply 6–7.  After all, she retained

2    counsel for this case in 2018, yet did not file suit until *five years later*. *Id.* at 7.  To date, Plaintiff

3    has failed to grapple with these arguments.

4        In sum, Plaintiff has not identified any error, let alone any clear error, in this Court's

5    treatment of the record evidence.

6    **II.    The Court Did Not Clearly Err in Granting Summary Judgment.**

7        Plaintiff next argues that she presented "sufficient evidence to raise a fact issue" on her

8    participant and perpetrator claims.  That argument fails for both claims.

9        **A.    The Court Did Not Clearly Err in Dismissing the Participant Claim.**

10       As to the Court's analysis on the participant claim, Plaintiff claims that this Court

11   committed several errors. The Court committed no such errors, let alone clear errors.

12       *First*, Plaintiff claims that "the traffickers' incarceration and the manager's absence" "did

13   not rebut the evidence that Plaintiff was trafficked by Jackson at the DoubleTree between 2010

14   and 2011." Mot. 11.  Initially, this argument should be rejected because it marks at least the

15   third time that she has attempted to shift this timeline.  In her deposition testimony, she first

16   testified that "November 2013" was "one of the first times" that she was trafficked at the

17   DoubleTree; and she later "estimated that Jackson trafficked her around 2011 and 2012, while

18   Rich was incarcerated."  MSJ Order 8–9.  Thereafter, in written discovery, she confirmed her

19   "trafficking period" at the DoubleTree was "in 2013."  MSJ 9.  And in her (sham) declaration,

20   she said that "Jackson likely trafficked her at this hotel before he was arrested in 2011 or 2012,"

21   but "[s]he d[id] not narrow the potential date further."  MSJ Order 11.  Now, of course, Plaintiff

22   shifts the timeline even earlier to "2010 and 2011."  Mot. 11.  This marks only the latest example

23   of Plaintiff continuing to play whack-a-mole games, only now in a post-judgment posture.

OPPOSITION TO PLAINTIFF'S                    -6-                          JONES DAY
RULE 59(e) MOTION                                           717 Texas Street, Suite 3300
Case No. 3:23-CV-06038                                            Houston, TX 77002
                                                                    +1.832.239.3939

1    In any event, this new argument is not sufficient to create a fact dispute, much less on all

2    of the elements of the participant claim.  For one thing, Plaintiff's unsworn new timeline does

3    nothing to resolve the "clear, unambiguous inconsistencies between S.A.S.'s sworn deposition

4    testimony and interrogatory answers and her later declaration."  MSJ Order 16 (noting "[t]his

5    change in S.A.S.'s testimony following disclosure of Defendants' summary judgment evidence

6    is what the sham affidavit rule is designed to prevent").  For another thing, even crediting

7    Plaintiff's new timeline, "her testimony that she was trafficked at the DoubleTree by two

8    different men for a total of 30 to 60 non-consecutive days between 2002 and 2016 is simply not

9    enough for a reasonable jury to find a *continuous* business relationship."  *Id.* at 23.  And for

10   another, claims based on trafficking during this timeframe are time-barred.  *Supra* § I.

11       *Second*, Plaintiff argues that "Defendants searched only for stay records beginning in

12   January 2013, which prove nothing about Plaintiff's trafficking at the DoubleTree before that

13   date."  Mot. 11.  But it was *Plaintiff's* own representations about her trafficking period that

14   dictated Hilton's search and productions.  *See* MSJ 9 (citing Pl. Rule 30(b)(6) Notice and Topics

15   (Ex. O) (listing "trafficking period" in "2013")).  Plaintiff cannot now use a Rule 59(e) motion

16   to seek new discovery.  *See Choe v. Bank of Am.*, 605 F. App'x 316, 324 (5th Cir. 2015) ("[A]

17   Rule 59(e) motion is not the proper vehicle for raising discovery disputes for the first time.").

18   And even setting aside stay records, Plaintiff's testimony "is simply not enough."  MSJ Order 23.

19       Plaintiff also says that "the absence of stay records does not permit the Court to

20   disregard" evidence of "her trafficking before 2013."  Mot. 11.  But this Court did not

21   "disregard" Plaintiff's "trafficking" *at all*.  On the contrary, the Court noted that "[t]here is no

22   serious dispute that S.A.S. was a victim of sex trafficking."  MSJ Order 2.  And, ultimately, the

23   question is not whether there is a fact dispute about whether Plaintiff was "traffick[ed] before

24   2013"—it is whether, even crediting Plaintiff's testimony on her uncorroborated and

OPPOSITION TO PLAINTIFF'S                    -7-                          JONES DAY
RULE 59(e) MOTION                                              717 Texas Street, Suite 3300
Case No. 3:23-CV-06038                                              Houston, TX 77002
                                                                   +1.832.239.3939

contradicted stays, a reasonable jury could find that the Hilton Defendants "knowingly benefit[ed]" "from participation in a venture" with her traffickers, and whether Hilton "knew or should have known" that this supposed venture "violat[ed]" the criminal trafficking laws. 18 U.S.C. § 1595(a). The answer is no. MSJ 19–20; *supra* § I.

*Third*, Plaintiff argues that she "presented evidence that the Court could not disregard that Rich continued to traffic her directly and through his gang affiliates while he was in prison, including during the period in 2013." Mot. 11. This, too, is inconsistent with Plaintiff's initial testimony. *See, e.g.*, MSJ 4 (citing Plaintiff's testimony that she was always accompanied by one of her traffickers and that "Dominic beat me every day" at the DoubleTree). It's even inconsistent with her (sham) declaration. *See* MSJ Order 16 (noting that Plaintiff newly claimed that "she was not sure whether or why she stayed at the DoubleTree in November 2013"). In any event, this Court considered this angle, too, in granting summary judgment. *See id.* at 4 ("At various times, Rich still managed to control S.A.S. from prison."); *id.* at 23 ("But even if the Court declines to strike S.A.S.'s declaration as a sham affidavit, her testimony that she was trafficked at the DoubleTree by two different men for a total of 30 to 60 non-consecutive days between 2002 and 2016 is simply not enough for a reasonable jury."); *see supra* § I.

*Fourth*, Plaintiff argues that "the Court committed a manifest error of law in relying only on whether a 'continuous business relationship' existed between Defendants and the traffickers." Mot. 12. But this Court addressed the only theory that Plaintiff pleaded and advanced at summary judgment. MSJ Opp. 10–11 (invoking "continuous business relationship" test).[2] In

---

[2] In passing, Plaintiff also cited a pure commercial-venture theory. MSJ Opp. 10. But as Hilton explained at summary judgment, that theory failed because there is no evidence that the Hilton Defendants engaged in anything more than a legitimate corporate and financial relationship with each other. MSJ 17. Further, there is no evidence that someone in this supposed venture—*i.e.*, one of the Hilton Defendants—criminally trafficked her. *Id.*; *see Tyla D. v. MGM Resorts Int'l*, 2024 WL 4839744, at *4 (D. Nev. Nov. 19, 2024) (dismissing claim against hotel-casino venture on this basis); *infra* § II.B. And Plaintiff does not cite this standard in her Motion.

1   any event, the "common purpose" test that Plaintiff describes—which she emphatically rejected

2   at the motion-to-dismiss stage, MTD Opp. 11—is nowhere close to satisfied on this record.

3   Mot. 12 (a plaintiff can "establish this element" by "showing a common purpose, shared profits

4   and risk, or control"); *see Doe 1 v. Apple Inc.*, 96 F.4th 403, 416 (D.C. Cir. 2024) (describing

5   this test). Even assuming that her traffickers rented rooms at the DoubleTree, "ordinary buyer-

6   seller transaction[s]," like room rentals, do not establish that the parties shared "a common

7   purpose." *Apple*, 96 F.4th at 415–16. And there is no evidence that Plaintiff's traffickers shared

8   any profits from their trafficking business with the DoubleTree. *Cf.* Mot. 12.

9   

10      Plaintiff also invokes *Ricchio v. McLean*, 853 F.3d 553 (1st Cir. 2017), but that case

11  bears no resemblance to the facts here. Mot. 12. There, the plaintiff's trafficker "had prior

12  commercial dealings with the [motel operators], which the parties wished to reinstate for profit,"

13  as evidenced by their "exchanging high-fives in the motel's parking lot while speaking about

14  'getting this thing going again.'" *Ricchio*, 853 F.3d at 555. The "gainful business that [they]

15  spoke of had been and would be" using a "sex slave" to "supply[] sexual gratification." *Id*. The

16  operators would then "visit the rented quarters to demand further payment," all while witnessing

17  the plaintiff's "obvious physical deterioration" and "nonchalantly ignor[ing] [her] plea for help

18  in escaping." *Id*. Under those circumstances, it was "inferable" that the operators "associat[ed]

19  with [the trafficker] in an effort to force [the plaintiff] to serve their business objective." *Id.*

20  After all, the parties "acknowledged the illegal purpose of the[ir] relationship" and "shared in

21  the benefits and the risk." *Apple*, 96 F.4th at 415 (discussing *Ricchio*). Here, by contrast, there

22  is no evidence of any interaction between Plaintiff's traffickers and the DoubleTree that gives

23  rise to an inference that they shared an "illegal purpose." *Id.* Nor did the DoubleTree witness

24  any equivalent signs of Plaintiff's trafficking. *See* MSJ 12–14, 18–20.

25

26

27

28

OPPOSITION TO PLAINTIFF'S          -9-                    JONES DAY
RULE 59(e) MOTION                           717 Texas Street, Suite 3300
Case No. 3:23-CV-06038                        Houston, TX 77002
                                                +1.832.239.3939

1

2

3

4

5

6

7

8

9

10

11

12

13

14

*Fifth*, Plaintiff argues that "[t]he Court's analysis of the continuous business relationship test was also undermined by factual errors." Mot. 12. To start, she reasserts that the Court's conclusion was "premised on a manifestly erroneous factual determination that her trafficking at the DoubleTree occurred only sporadically across fifteen years." *Id.* at 13. Instead, she now claims that her trafficking was "more condensed," occurring in "the limited window of time from 2010 to 2011." *Id.* As explained above, Plaintiff identified this new timeline for the first time in this Motion. *Supra* § I. In the MSJ Opposition, by contrast, Plaintiff cited "15 years of sex trafficking" during which she says that "she was trafficked . . . between 30 and 60 non-consecutive days" at the DoubleTree. MSJ Opp. 2. And in her deposition, she testified at one point that she was trafficked at the DoubleTree for "30 to 60 nights total over the 2002 to 2016 time period." MSJ Ex. C at 151:1–14.[3] This Court did not clearly err by citing the trafficking period on which Plaintiff herself staked her claims.

15

16

17

18

19

20

21

22

23

24

*Finally*, Plaintiff contends that the Court "incorrectly assumed" that Plaintiff did not stay at the DoubleTree "for even two consecutive nights—or even two nights in close proximity." Mot. 13 (quoting MSJ Order 23). That is a strange assertion, as Plaintiff's MSJ Opposition used the term "non-consecutive days" no less than four times. MSJ Opp. 2, 8, 10, 13, 20; MSJ Reply 2. Moreover, Plaintiff herself testified that she was not at the DoubleTree for "a month straight"; instead, she was there "off and on." Dkt. 161-2 at 228:7–12. And her only room reservation record was for one night. (Not that a few "consecutive nights" would be enough to establish participation in a venture anyway. *See, e.g.*, *G.W. v. Northbrook Indus., Inc.*, 739 F. Supp. 3d 1243, 1251 (N.D. Ga. 2024) (holding that three three-to-four-day stays and another

25

26

27

28

---

[3] This Court noted that "S.A.S.'s testimony about the overall timeline of her trafficking at the DoubleTree was also inconsistent." MSJ Order 8. For example, "S.A.S. testified that she only stayed at the DoubleTree 'a couple times without the manager being there,' and she agreed that November 2013 was 'one of the first times' she stayed at the DoubleTree and 'everything else happened thereafter.'" *Id.* But that main version of events was impossible. MSJ 8–10.

OPPOSITION TO PLAINTIFF'S
RULE 59(e) MOTION
Case No. 3:23-CV-06038

-10-

JONES DAY
717 Texas Street, Suite 3300
Houston, TX 77002
+1.832.239.3939

1    single-day stay did not "indicate a special relationship or common venture").)  While the Court

2    must draw "all justifiable inferences" in favor of the nonmovant, *see Tolan v. Cotton*, 572 U.S.

3    650, 651 (2014) (per curiam), it need not *invent* evidence in the nonmovant's favor.  Thus, the

4    Court did not commit clear error.

5
          **B.      The Court Did Not Clearly Err in Dismissing the Perpetrator Claim.**
6
7          The Court also correctly held that Plaintiff's perpetrator claim failed because "a

8    reasonable jury" could not "find that the Hilton Defendants knowingly assisted, supported, or

9    facilitated her traffickers" based on evidence that she was trafficked "for a total of 30 to 60

10   unknown, non-consecutive nights by two different men across fifteen years."  MSJ Order 24–

11   25.  Plaintiff again challenges the factual premise that she was trafficked at the DoubleTree "only

12   during scattered, one-night stays across fifteen years."  Mot. 14.  As explained above, the Court

13   did not clearly err in this respect.  *See supra* § I.
14
15         Next, Plaintiff claims that the "record contain[s] ample evidence that Defendants

16   knowingly facilitated Plaintiff's trafficking and benefited from doing so."  Mot. 14.   Her only

17   example of "facilitation," however, is that Hilton "profited from repeatedly renting rooms to

18   Plaintiff's traffickers despite obvious signs of her trafficking."  *Id.*  Even assuming that this

19   evidence exists—as Hilton has explained, it does not, MSJ 12–14—it *at most* shows that Hilton

20   "turn[ed] a blind eye to the source of [its] revenue," which does not constitute "knowing
21
     'participation' in the form of assistance, support, or facilitation."  *Does 1-6 v. Reddit, Inc.*, 51
22
23   F.4th 1137, 1145 (9th Cir. 2022).  And Plaintiff can point to nothing else in the record showing

24   that Hilton facilitated her traffickers' operations.  Indeed, as this Court explained, "the only

25   evidence connecting [Rich and Jackson's] trafficking to [the DoubleTree] is S.A.S.'s conclusory,
26
     'uncorroborated, and self serving' testimony."  MSJ Order 17–18 (quoting *Villiarimo*, 281 F.3d
27
     at 1061).
28

OPPOSITION TO PLAINTIFF'S                    -11-                        JONES DAY
RULE 59(e) MOTION                                            717 Texas Street, Suite 3300
Case No. 3:23-CV-06038                                          Houston, TX 77002
                                                                 +1.832.239.3939

For the foregoing reasons, this Court should not amend its judgment on Plaintiff's participant or perpetrator claim.

Undersigned counsel certifies that this memorandum contains 3,927 words, in compliance with the Local Civil Rules.

Dated: September 23, 2025

Respectfully submitted,

/s/ Nicole M. Perry
Nicole M. Perry, *Pro Hac Vice*
JONES DAY
717 Texas Street, Suite 3300
Houston, TX 77002
Telephone: 832-239-3939
Email: nmperry@jonesday.com

Bethany K. Biesenthal, *Pro Hac Vice*
Allison L. McQueen, *Pro Hac Vice*
JONES DAY
110 North Wacker Drive, Suite 4800
Chicago, IL 60606
Telephone: 312-782-3939
Email: bbiesenthal@jonesday.com
            amcqueen@jonesday.com

Andrew J. Clopton, *Pro Hac Vice*
JONES DAY
150 W. Jefferson, Suite 2100
Detroit, MI 48226
Telephone: 313-733-3939
Email: aclopton@jonesday.com

Daniel J. Dunne, Jr.
Aaron Brecher
Orrick Herrington & Sutcliffe, LLP
401 Union Street, Suite 3300
Seattle, WA 98101
Telephone: 206-839-4300
Email: ddune@orrick.com
            abrecher@orrick.com

*Attorneys for Defendants Hilton Domestic Operating Company Inc. and Doubletree Management LLC*

OPPOSITION TO PLAINTIFF'S
RULE 59(e) MOTION
Case No. 3:23-CV-06038

-12-

JONES DAY
717 Texas Street, Suite 3300
Houston, TX 77002
+1.832.239.3939